SORRELLS v. M.Y.B. HOSPITALITY VENTURES OF ASHEVILLE

[108 N.C. App. 668 (1993)]

LINDA SORRELLS AND HUSBAND, RONALD E. SORRELLS v. M.Y.B. HOSPITALITY VENTURES OF ASHEVILLE, D/B/A RHAPSODY'S FOOD AND SPIRITS

No. 9130SC1016

(Filed 19 January 1993)

1. **Intoxicating Liquor § 43 (NCI4th); Negligence § 19 (NCI3d) — alcohol consumed by son — son killed — parents' action against server for emotional distress — no derivative action — son's negligence not imputed to parents**

   A claim for negligent infliction of emotional distress suffered by plaintiff parents when their son consumed alcoholic beverages at defendant's place of business and subsequently died when the car he was driving crashed was an independent claim of the plaintiffs, not a claim belonging to the decedent and asserted by the plaintiffs; therefore, the claim was not derivative, and the negligence of decedent accordingly was not imputed to plaintiffs and did not bar their claim against defendant.

   **Am Jur 2d, Negligence §§ 1781, 1782.**

2. **Intoxicating Liquor § 43 (NCI4th); Negligence § 1.1 (NCI3d) — alcohol served to son — son killed — emotional distress to parents — foreseeability**

   In plaintiffs' action for negligent infliction of emotional distress resulting from their son's death and mutilation in an automobile accident which occurred after the son consumed alcohol at defendant's place of business, it was for the jury to determine whether any emotional distress sustained by plaintiffs was foreseeable by defendant.

   **Am Jur 2d, Negligence § 443.**

   Judge COZORT dissenting.

Appeal by plaintiffs from order entered 5 July 1991 in Haywood County Superior Court by Judge Joseph R. John, Sr. Heard in the Court of Appeals 17 November 1992.

*McLean & Dickson, P.A., by Russell L. McLean, III, for plaintiff-appellants.*

*Harrell & Leake, by Larry Leake, for defendant-appellee.*

SORRELLS v. M.Y.B. HOSPITALITY VENTURES OF ASHEVILLE

[108 N.C. App. 668 (1993)]

GREENE, Judge.

Plaintiffs appeal from the entry of an order of dismissal granting defendant's Rule 12(b)(6) motion to dismiss their complaint for negligent infliction of emotional distress.

In the complaint, plaintiffs allege that they are the parents of Travis Cain Sorrells (Travis), who was killed in an automobile accident on or .about 21 May 1990. At the time of his death he was twenty-one years old and a student at Haywood Community College. On the evening Travis was killed, he and several of his friends had been drinking "beer and . . . tequila" at Rhapsody's Food and Spirits, defendant's place of business. Plaintiffs allege that defendant was negligent in that its employees continued to serve alcoholic beverages to Travis after they were made aware that Travis had had too much to drink and would be driving himself home. Travis was killed in a one-car accident as he was driving home from defendant's business. Plaintiffs further allege that when they learned of their son's accident and that "his body [had been] mutilated," it "had a devastating emotional effect upon [them] and constitutes mental anguish and suffering." Plaintiffs, alleging negligent infliction of emotional distress, claim they "have suffered such injury as sickness, helplessness, frailty and have undergone much grief, worry, loss of enjoyment of life, a wrecked nervous system, depression and emotional grief." Finally, plaintiffs allege that it was reasonably foreseeable that defendant's conduct would cause plaintiffs emotional distress.

The defendant argues on appeal that the dismissal of the complaint can be supported on either of two grounds. First, that the negligence of Travis, who drove his vehicle upon the highways after voluntarily consuming alcohol, is imputed to plaintiffs and thus bars their claim for emotional distress. Second, that any emotional distress sustained by plaintiffs was not reasonably foreseeable by defendant and thus not recoverable against defendant.

---

The issues presented are (I) whether the negligence of the decedent driver is imputed to the plaintiffs in their action for emotional distress, thus barring their claim; and (II) whether any emotional distress sustained by the plaintiffs, as alleged in the complaint, was foreseeable by defendant.

I

[1] Our Supreme Court has recently made clear that "a willing consumer of alcohol [who drives] his vehicle while highly intoxicated" is contributorily negligent as a matter of law, thus barring any claim by the "willing consumer" against the server of the alcohol for injuries sustained while operating the vehicle. *Sorrells v. M.Y.B. Hospitality Ventures of Asheville*, 332 N.C. 645, 648, 423 S.E.2d 72, 73-74 (1992). Furthermore, because any wrongful death action on behalf of the decedent driver is derivative, the negligence of the decedent driver is imputed to the fiduciary of the estate of the decedent, and thus bars any wrongful death claim on behalf of the decedent. *Carver v. Carver*, 310 N.C. 669, 673, 314 S.E.2d 739, 742 (1984). Whether the parents of this decedent are likewise barred from claiming emotional distress sustained as a consequence of the death of their child is a matter of first impression in North Carolina.

The general rule is that a party's action for damages "will not be barred by the negligence of any third person who may have contributed to them." W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 74, at 529 (5th ed. 1984) [hereinafter *Prosser and Keeton*]; Restatement (Second) of Torts § 485 (1965). Thus, the general rule rejects the doctrine of imputed contributory negligence. Many jurisdictions, however, including North Carolina, continue to recognize the wrongful death action as an exception to this general rule. *Carver*, 310 N.C. at 673, 314 S.E.2d at 742 (negligence of decedent imputed to fiduciary of estate in wrongful death action); *see* Restatement (Second) of Torts § 485 cmt. b, illus. 4 (1965). Another common exception imputes the negligence of the servant to the master. *See Olympic Products Co. v. Roof Systems, Inc.*, 88 N.C. App. 315, 335, 363 S.E.2d 367, 378-79, *disc. rev. denied*, 321 N.C. 744, 366 S.E.2d 863 (1988); Restatement (Second) of Torts § 485 cmt. b, illus. 1 (1965). Although there does not exist a formal test for determining when to deviate from the general rule against imputation of negligence, some commentators have observed that contributory negligence should be imputed only when "the relation between [the plaintiff and the third party] is such that the plaintiff would be vicariously liable as a defendant to another who might be injured [by the third party]." *Prosser and Keeton* at 530.

**SORRELLS v. M.Y.B. HOSPITALITY VENTURES OF ASHEVILLE**

[108 N.C. App. 668 (1993)]

In this case, the pleadings do not suggest that plaintiffs would have had any vicarious liability for the negligence of Travis had Travis caused harm to some third person. Furthermore, plaintiffs' claim for emotional distress is an independent claim of the plaintiffs, not a claim belonging to the decedent and asserted by the plaintiffs. Therefore, the claim is not derivative. *See* 4 Fowler V. Harper et al., *The Law of Torts* § 23.8, at 445-46 (1986). Accordingly, the negligence of Travis is not imputed to the plaintiffs and does not bar their claim against the defendant for emotional distress.[1] To hold otherwise would be a "questionable extension of the least defensible rule (contributory negligence) among the concepts associated with fault." *Id.* at 447. Therefore, the order of the trial court dismissing the complaint on this ground must be reversed.

## II

[2] In order to state a claim for negligent infliction of emotional distress, plaintiffs must allege that "(1) the defendant negligently engaged in conduct, (2) it was reasonably foreseeable that such conduct would cause the plaintiff severe emotional distress . . . , and (3) the conduct did in fact cause the plaintiff severe emotional distress." *Johnson v. Ruark Obstetrics and Gynecology Assocs., P.A.*, 327 N.C. 283, 304, 395 S.E.2d 85, 97 (1990). Although the question of whether an injury was foreseeable is for the jury, the trial judge, where it is contended that plaintiff's injuries are too remote, must make an initial determination that the injury was not too remote as a matter of law. *See Johnson v. Ruark Obstetrics and Gynecology Assocs., P.A.*, 89 N.C. App. 154, 164, 365 S.E.2d 909, 915 (1988), *aff'd*, 327 N.C. 283, 395 S.E.2d 85 (1990). In making this determination, the trial judge is required to decide whether the defendant was legally exempt from foreseeing the plaintiff's injuries. *Id.* Factors to be considered by the trial judge include whether the injury is reasonably close in both time and location to the defendant's act, the relationship between the plaintiff and the person for whom the plaintiff is concerned, whether the plaintiff actually observed the negligent act, whether recovery would place an unreasonable burden upon those engaged in ac-

---

1. As it is not raised by the parties in this appeal, we need not address the defendant's possible right to seek contribution from Travis' estate. *See* N.C.G.S. § 1B-1 to -7 (1983) (right of pro-rata contribution among parties jointly and severally liable for same tort injury).

tivities similar to that of the defendant, whether recovery would likely open the way for fraudulent claims, and whether, in retrospect, it is too highly extraordinary that the act of the tort-feasor caused the injury. See Wyatt v. Gilmore, 57 N.C. App. 57, 62, 290 S.E.2d 790, 793 (1982); Ruark, 327 N.C. at 305, 395 S.E.2d at 98.

In this case, plaintiffs allege that defendant was negligent, that they sustained emotional distress as a proximate cause of defendant's negligence, and that the emotional distress was reasonably foreseeable by defendant. The pleadings further reveal that plaintiffs learned of their son's death sometime soon after the accident. Although there are no allegations that plaintiffs were present at the scene of the accident or that they saw the body soon after death, see Gardner v. Gardner, 106 N.C. App. 635, 639, 418 S.E.2d 260, 263 (1992) (mother allowed to recover damages for emotional distress where she saw mortally injured child soon after accident), the pleadings are adequate to withstand the motion to dismiss. We are not prepared to hold as a matter of law that any severe emotional distress sustained by the parents of a twenty-one-year-old son, after learning that their son had been killed in a serious automobile accident and his body mutilated, is not foreseeable by a defendant who negligently serves alcohol to the son, which was a proximate cause of the son's death. Consequently, the question of foreseeability is one for the jury in this case. The trial judge therefore erred in dismissing the claim on the ground that plaintiffs' injury was not foreseeable by the defendant as a matter of law.

Accordingly, the order dismissing the complaint is

Reversed and remanded.

Judge WALKER concurs.

Judge COZORT dissents with separate opinion.

Judge WALKER concurred in this opinion prior to 8 January 1993.

Judge COZORT dissenting.

I vote to affirm the trial court's order dismissing the complaint. I agree that plaintiffs' claim for emotional distress is an independ-

ent claim of plaintiffs and not derivative, and I also concur with the majority that Travis' negligence is not imputed to the plaintiffs. Nonetheless, I do not find it proper to allow such a claim when plaintiffs' alleged emotional distress is caused as much by their son's negligence as it is alleged to have been caused by the negligence of defendant. I believe plaintiffs' claim is barred by their son's contributory negligence.

In coming to this conclusion, I am not unmindful of the broad language describing the claim of negligent infliction of emotional distress found in our Supreme Court's opinion in *Johnson v. Ruark*, 327 N.C. 283, 395 S.E.2d 85 (1990). I believe, though, that there must be some limitation to that cause of action, and I find that the decedent's contributory negligence puts his parents' claim beyond the limit.