THOMAS L. HICKMAN, A MINOR, BY AND THROUGH HIS GUARDIAN AD LITEM, T. DANIEL WOMBLE, AND DARLENE HICKMAN PRUITT, PLAINTIFFS v. ANGELA LYNN McKOIN, TERRY LEE McKOIN, AND JUDY PASS McKOIN, DEFENDANTS

No. 9221SC67

(Filed 6 April 1993)

**Negligence § 6 (NCI4th) — mother injured in auto accident — emotional distress of children who did not see accident — foreseeability — emotional distress claim improperly dismissed**

The trial court erred in dismissing plaintiffs' emotional distress claim arising from an automobile accident involving their parents and defendants, though plaintiffs did not see the accident, since their emotional distress could have been foreseeable to defendants when it arose from seeing their injured mother in the hospital shortly after the accident and continued to be caused by the mother's severe injuries and ongoing difficulties.

**Am Jur 2d, Fright, Shock, and Mental Disturbance §§ 1 et seq.**

**Relationship between victim and plaintiff-witness as affecting right to recover damages in negligence for shock or mental anguish at witnessing victim's injury or death. 94 ALR3d 486.**

Appeal by plaintiffs from order entered 28 October 1991 by Judge Julius A. Rousseau in Forsyth County Superior Court. Heard in the Court of Appeals 4 January 1993.

*Robert A. Lauver, P.A., by Robert A. Lauver, for plaintiffs-appellants.*

*Petree Stockton & Robinson, by Richard J. Keshian, for defendants-appellees.*

LEWIS, Judge.

On 6 June 1991, plaintiffs filed this action seeking damages for negligent infliction of emotional distress arising from an automobile accident involving their parents and defendants. Plaintiffs each claimed in excess of $10,000 in damages. Defendants

filed a motion to dismiss and an answer on 26 July 1991. Plaintiffs took a voluntary dismissal as to defendant Judy Pass McKoin on 25 October 1991. On 28 October 1991, Judge Rousseau entered an order dismissing plaintiffs' complaint with prejudice. Plaintiffs appeal from this order dismissing their complaint.

In considering a motion to dismiss under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure, the court must view the allegations in the complaint as true. *Peele v. Provident Mut. Life Ins. Co.*, 90 N.C. App. 447, 368 S.E.2d 892, *disc. rev. denied and appeal dismissed*, 323 N.C. 366, 373 S.E.2d 547 (1988). A complaint may not be dismissed unless it appears that plaintiffs are entitled to no relief under any state of facts which could be proven. *Id.*

Taken as true, the allegations in plaintiffs' complaint show that on 7 June 1988 plaintiffs' parents were involved in a head-on collision with defendants. Plaintiffs allege that defendant Angela Lynn McKoin, the driver of defendants' vehicle, "was negligent and operated her vehicle in a careless, reckless, and negligent manner . . . ." Plaintiffs, aged 12 and 15 at the time of the accident, were not in the vehicle nor did they actually see the accident. They were "close by at the family home," and first heard about the accident from a neighbor. Upon arrival at the hospital, they were informed their mother would probably not survive her injuries, and were permitted to see their mother briefly.

According to their complaint, plaintiffs "suffered shock, severe emotional distress, and mental anguish upon being informed of the injuries . . ." and that their mother probably would not survive. They suffered "great emotional anguish" upon seeing their mother in the intensive care unit. They have suffered further distress from "high risk surgery" on their mother, from witnessing her "long and agonizing recovery," from being told she may not survive, from watching her "suffer tremendous pain," and from seeing her "attached to feeding tubes and intravenous medication tubes."

Plaintiff Darlene Hickman Pruitt ("Darlene") dropped out of school after the tenth grade. She suffered mental anguish "due to the frequent absences of her mother necessitated by her mother's hospitalizations," and will suffer anxiety in the future each time her mother undergoes surgical procedures. As a result of her emotional distress, Darlene experiences headaches, insomnia, extreme nervousness and acute depression. Plaintiff Thomas L. Hickman ("Thomas") dropped out of school at age 15 and "has suffered a

tremendous emotional loss." He "feels angry, bitter and depressed because of the injuries to his mother and the uncertainty of whether his mother will live or die," and experiences "severe[ ] shock, emotional and mental distress." His symptoms include insomnia, extreme nervousness, and acute depression. Thomas has been referred for medical counseling.

The outcome of this case is governed by two recent decisions of this Court. In *Gardner v. Gardner*, 106 N.C. App. 635, 418 S.E.2d 260 (1992) (oral argument heard in Supreme Court on 14 January 1993) a panel of this Court held that a mother's emotional distress, arising from seeing her son on a stretcher in the hospital after an automobile accident, was foreseeable to defendant. Thus, the emotional distress claim was improperly dismissed by the trial court. In *Gardner* plaintiff did not actually observe the accident and was not in close proximity to the accident. In *Sorrells v. M.Y.B. Hospitality Ventures of Asheville*, 424 S.E.2d 676 (N.C. App. 1993), another panel of this Court reversed the trial court's dismissal of a claim for negligent infliction of emotional distress. In that case, plaintiffs alleged defendants were negligent in continuing to serve their son alcohol after it had been brought to defendants' attention that he had had too much to drink and would be driving home. Their son was killed in a one-car accident on his way home that night. Plaintiffs were not at the scene of the accident and did not allege that they had seen the body soon after the death. This Court reversed the trial court's dismissal of the claim, relying on the parent-child relationship and stating that foreseeability is a question for the jury in such a case. *Id.* at 679-80.

Both cases refer to the Supreme Court's decision in *Johnson v. Ruark Obstetrics*, 89 N.C. App. 154, 365 S.E.2d 909 (1988), *modified and aff'd*, 327 N.C. 283, 395 S.E.2d 85 (1990), wherein plaintiffs were found to have stated valid claims for negligent infliction of emotional distress. The *Ruark* Court stated that:

> Where a defendant's negligent act has caused a plaintiff to suffer mere fright or temporary anxiety not amounting to severe emotional distress, the plaintiff may not recover damages for his fright and anxiety on a claim for infliction of emotional distress. Where, however, such a plaintiff has established that he or she has suffered severe emotional distress as a proximate result of the defendant's negligence, the plaintiff need not allege or prove any physical impact, physical injury, or physical

manifestation of emotional distress in order to recover on a claim for negligent infliction of emotional distress.

327 N.C. at 303-4, 395 S.E.2d at 97.

Generally, "[a] plaintiff may recover for severe emotional distress arising from concern for another person if the plaintiff can prove that he or she has suffered such severe emotional distress as a proximate and foreseeable result of the defendant's negligence." *Gardner*, 106 N.C. App. at 637, 418 S.E.2d at 262; *Ruark*, 327 N.C. at 304, 395 S.E.2d at 97. In *Ruark*, the Court listed several factors to consider in examining the element of foreseeability. These factors include the plaintiff's proximity to the negligent act, the relationship between the plaintiff and the injured person, and whether plaintiff personally observed the incident. *Id.* at 305, 395 S.E.2d at 98. Foreseeability and proximate cause questions must be resolved on a case by case basis. *Id.*

The *Gardner* Court rejected a narrow interpretation of *Ruark's* proximity test. Instead, the Court stated that "a parent who sees its mortally injured child soon after an accident, albeit at another place, perceives the danger to the child's life, and experiences those agonizing hours preceding the awful message of death may be at no less risk of suffering a similar degree of emotional distress than that of a parent who is actually exposed to the scene of the accident." 106 N.C. App. at 639, 418 S.E.2d at 263. The Court found plaintiffs' emotional distress to be foreseeable to defendants, emphasizing the existence of a parent-child relationship. *Id. See also Sorrells*, 424 S.E.2d at 679-80 (foreseeability a question for jury when parents alleging emotional distress arising from death of 21-year old son sued defendant for negligently serving alcohol to son).

As in *Gardner* and *Sorrells*, this case involves a parent-child relationship, although the positions are switched: the children are attempting to recover for emotional distress arising from injuries to their mother. In neither *Gardner* nor *Sorrells* were plaintiffs present at the scene of the automobile accident. Plaintiffs heard about the accident from a third party, and, in *Gardner* and the case at hand, later observed the family member in the hospital. In *Sorrells* plaintiffs did not even allege that they had gone to the hospital or had seen the body after the accident.

We must follow this Court's broad interpretation of the proximity test, and hold that plaintiffs' emotional distress could have been foreseeable to defendants when it arose from seeing their injured mother in the hospital shortly after the accident and continues to be caused by her severe injuries and ongoing difficulties.

Reversed and remanded.

Judges WELLS and COZORT concur.