**BUTZ v. HOLDER**

[112 N.C. App. 116 (1993)]

EARL R. BUTZ, LINDA M. BUTZ, AND MARC BUTZ, PLAINTIFFS v. JIMMY
DAVIS HOLDER, DEFENDANT

No. 9211SC252

(Filed 21 September 1993)

**Negligence § 19 (NCI4th)— negligent infliction of emotional
distress—parents arriving at accident scene—foreseeability—
sufficiency of evidence**

In an action to recover for negligent infliction of emotional
distress, the trial court properly granted summary judgment
for defendant on plaintiff brother's claim but erred in granting
it on plaintiff parents' claim, since defendant could have
reasonably foreseen that his negligence might be a direct or
proximate cause of plaintiff parents' emotional distress where
the thirteen-year-old decedent was struck and killed by an
automobile driven by defendant; the father and mother of dece-
dent arrived at the scene of the accident shortly after its
occurrence; there was evidence that the mother sought
psychiatric and psychological care for emotional distress after
the accident; the father developed high blood pressure and
also sought psychological treatment; but there was no evidence
that the brother suffered any emotional or mental disorder.

**Am Jur 2d, Fright, Shock and Emotional Anguish §§ 1,
3, 15, 24, 47, 48, 55; Negligence §§ 488-491.**

Appeal by plaintiffs from order entered 16 December 1991
by Judge Giles R. Clark in Harnett County Superior Court. Heard
in the Court of Appeals 5 January 1993.

*Smith, Debnam, Hibbert & Pahl, by John W. Narron and
Elizabeth B. Godfrey, for plaintiffs-appellants.*

*Savage & Godfrey, by David R. Godfrey, for plaintiffs-appellants.*

*Bailey & Dixon, by Gary S. Parsons and ·Denise Stanford
Haskell, for defendant-appellee.*

JOHNSON, Judge.

The facts pertinent to this appeal are as follows: decedent,
thirteen year old Dwayne John Butz, son and brother of plaintiffs
herein, was riding his bicycle on Rural Road 1415 when he was

struck by an automobile driven by defendant. The site of the accident was approximately five or six tenths of a mile from plaintiffs' home by road. Decedent was killed instantly. There were no witnesses to the accident, which occurred on a bridge.

Shortly thereafter, plaintiff Earl R. Butz, decedent's father, who was at his house painting his garage, was told by a neighbor that there had been a serious accident. Earl R. Butz drove to the scene of the accident and saw decedent, covered with a sleeping bag, in the road. Plaintiff Linda M. Butz, decedent's mother, arrived at the scene 15 or 20 minutes later; decedent's brother, plaintiff Marc Butz, arrived shortly after his mother.

Plaintiff Linda M. Butz has sought psychiatric and psychological care for emotional distress suffered as a result of the accident; Earl R. Butz has developed high blood pressure, has been put on medication by his physician, and has also sought psychological treatment as a result of his emotional distress.

Plaintiffs filed an action in Harnett County Superior Court on 22 July 1991, seeking damages for negligent infliction of emotional distress caused by this accident, which occurred on 27 August 1988. The superior court granted defendant's motion for summary judgment, and plaintiffs appealed to this Court. The issue raised on this appeal is whether the trial court erred by granting this motion for summary judgment, because genuine issues of material fact exist as to whether plaintiffs' severe emotional distress was a reasonably foreseeable result of the negligent conduct of defendant.

Summary judgment is appropriate only when there is no genuine issue of material fact and a party is entitled to judgment as a matter of law. North Carolina General Statutes § 1A-1, Rule 56 (1990). The moving party has the burden of establishing the lack of any triable issue, and may meet this burden by proving that an essential element of the opposing party's claim is nonexistent. All inferences of fact from the proof offered at the hearing must be looked at in the light most favorable to the nonmoving party. *Mozingo v. Pitt County Memorial Hospital*, 331 N.C. 182, 415 S.E.2d 341 (1992).

The elements to establish a claim for negligent infliction of emotional distress are set out in *Johnson v. Ruark Obstetrics*, 327 N.C. 283, 395 S.E.2d 85, *reh'g denied*, 327 N.C. 644, 399 S.E.2d 133 (1990). In order to state a claim for negligent infliction of emo-

tional distress, "a plaintiff must allege that (1) the defendant negligently engaged in conduct, (2) it was reasonably foreseeable that such conduct would cause the plaintiff severe emotional distress (often referred to as 'mental anguish'), and (3) the conduct did in fact cause the plaintiff severe emotional distress." *Id.* at 304, 395 S.E.2d at 97.

Neither a physical injury or impact nor a subsequent manifestation of a physical sort is required as an element of the tort of negligent infliction of emotional distress. *Id.* And, "a plaintiff may recover for his or her severe emotional distress arising due to concern for another person, *if* the plaintiff can prove that he or she has suffered such severe emotional distress as a proximate and *foreseeable* result of the defendant's negligence." *Id.*

Factors which the trial judge should consider in determining this foreseeability include the plaintiff's proximity to the negligent act, the relationship between the plaintiff and the decedent, and whether the plaintiff actually observed the negligent act. *Sorrells v. M.Y.B. Hospitality Ventures of Asheville*, 108 N.C. App. 668, 424 S.E.2d 676 (1993). The determination of foreseeability and proximate cause must be determined on a case-by-case basis. *Ruark*, 327 N.C. at 305, 395 S.E.2d at 98; *Gardner v. Gardner*, 106 N.C. App. 635, 418 S.E.2d 260 (1992).

In *Gardner*, plaintiff mother appealed a summary judgment motion on her claim of relief for negligent infliction of emotional distress arising from an accident in which her minor son was killed. The decedent lived with plaintiff; when the accident occurred he was riding in a car with his father, the defendant. The plaintiff heard about the accident and went immediately to the hospital emergency room. Her young son was on a stretcher, his body covered except for his hands and feet. Plaintiff remained at the hospital, and did not see her son again until he died later in the day.

Our Court held in *Gardner* that the defendant "could have reasonably foreseen that his negligence might be a direct and proximate cause of the plaintiff's emotional distress." *Gardner* at 639, 418 S.E.2d at 263. The Court reasoned that "[i]n common experience, a parent who sees its mortally injured child soon after an accident, albeit at another place, perceives the danger to the child's life, and experiences those agonizing hours preceding the awful message of death may be at no less risk of suffering a similar degree of emotional distress than that of a parent who is actually exposed

to the scene of the accident." *See also Hickman v. McKoin,* 109 N.C. App. 478, 428 S.E.2d 251 (1993), where our Court held plaintiff children had a cause of action in their attempt to recover for negligent infliction of emotional distress arising from injuries to their mother arising out of an automobile accident.

*Sorrells,* 108 N.C. App. 668, 424 S.E.2d 676, dealt with the question of foreseeability of emotional distress suffered by the parents of a twenty-one year old son, after learning that their son had been killed in a serious automobile accident and his body mutilated. Plaintiffs in *Sorrells* brought a cause of action against a defendant who negligently served alcohol to their son, which was a proximate cause of the son's death. Our Court held that this question of foreseeability was a question for the jury. *Sorrells* at 672, 424 S.E.2d at 679-80.

In *Andersen v. Baccus,* 109 N.C. App. 16, 426 S.E.2d 105, *disc. review allowed,* 333 N.C. 574, 429 S.E.2d 567 (1993), plaintiff brought an action for negligent infliction of emotional distress against defendant who was driving an automobile which was involved in an accident in which plaintiff's wife and son were killed. As our Court pointed out:

> Plaintiff's urging that this Court find the family relationship between the plaintiff and the decedent sufficient to send the question of foreseeability in the present case to the jury, effectively asks us to recognize a cause of action based on negligent infliction of emotional distress in every instance where a family member learns, after the fact, of the injury or death of a relative resulting from a negligently caused. accident. Nonetheless, while we do not believe that our Supreme Court's holding in *Ruark* was intended to have such an unlimited and all-encompassing effect, we must follow the precedent as currently set forth by this Court and find that it was error for the trial court to grant summary judgment on this issue. See *In re Civil Penalty,* 324 N.C. 373, 379 S.E.2d 30 (1989) ('Where a panel of the Court of Appeals has decided the same issue albeit in a different case, a subsequent panel is bound by that precedent.")

*Id.* at 25, 426 S.E.2d at 110. We note that our Supreme Court has granted certiorari to review *Andersen.*

Likewise, on the facts of the case *sub judice*, where plaintiffs father and mother of the decedent arrived at the scene of the accident shortly after its occurrence, defendant could have reasonably foreseen that negligence on defendant's part might be a direct or proximate cause of plaintiff parents' emotional distress. We hold that this issue of foreseeability as to the parents for negligent infliction of emotional distress is one for the jury.

One of the elements necessary to establish a claim for negligent infliction of emotional distress is that the plaintiff suffer "severe emotional distress" as a result of the defendant's negligence. *Ruark*, 327 N.C. at 304, 395 S.E.2d at 97. We note that there is no evidence in the record that the brother, Marc Butz, suffered any emotional or mental disorder. As a result, the trial judge properly dismissed the brother's claim at the summary judgment hearing.

In summary, we reverse the trial court in granting summary judgment for defendant on the claims of plaintiffs Earl R. Butz and Linda M. Butz. We affirm the trial court in granting summary judgment for defendant on plaintiff Marc Butz's claim.

The decision of the trial court is reversed in part and affirmed in part.

Judge MARTIN concurs.

Judge GREENE concurs in the result.