JAMES J. ANDERSEN, JR., Individually and as Administrator of the Estate of SAUNDRA L. ANDERSEN, Deceased, and the Estate of JOHN LAURITS ANDERSEN, Deceased v. MARILYN COMBS BACCUS, MURRAY ELTON BACCUS, and AN UNKNOWN PERSON

No. 111PA93

(Filed 28 January 1994)

### 1. Insurance § 1165 (NCI4th)— uninsured motorist coverage— requirement of physical contact

The Court of Appeals correctly reversed a summary judgment for plaintiff on the uninsured motorist issue in a wrongful death action arising from an automobile collision where defendant had swerved to avoid colliding with a third automobile which did not make contact. The Supreme Court declined to change the existing judicial interpretation of the uninsured motorist statute requiring contact, especially in light of the legislature's recent revision. N.C.G.S. § 20-279.21.

**Am Jur 2d, Insurance §§ 2020 et seq.**

### 2. Negligence § 6 (NCI4th)— automobile accident—spouse arriving after accident—negligent infliction of emotional distress—foreseeability

Defendants were entitled to judgment as a matter of law on plaintiff's claim for negligent infliction of emotional distress, and the Court of Appeals erred in reversing the trial court's entry of summary judgment for defendants, in an action arising from an automobile collision involving defendant Marilyn Baccus and plaintiff's pregnant wife where plaintiff did not witness the accident but was brought to the scene before his wife was freed from the wreckage. The possibility that the decedent might have a parent or spouse who might live close enough to be brought to the scene of the accident and might be susceptible to suffering a severe emotional or mental disorder as the result of defendant Marilyn Baccus's alleged negligent act is entirely too speculative to be reasonably foreseeable.

**Am Jur 2d, Fright, Shock, and Mental Disturbance §§ 1-12, 45, 51, 52, 55.**

**Relationship between victim and plaintiff-witness as affecting right to recover damages in negligence for shock or**

ANDERSEN v. BACCUS

[335 N.C. 526 (1994)]

mental anguish at witnessing victim's injury or death. 94 ALR3d 486.

Right to recover damages in negligence for fear of injury to another, or shock or mental anguish at witnessing such injury. 29 ALR3d 1337.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 109 N.C. App. 16, 426 S.E.2d 105 (1993), reversing summary judgment granted in favor of plaintiff on defendant State Farm Mutual Automobile Insurance Company's counterclaim for declaratory judgment and reversing summary judgment granted in favor of all defendants on plaintiff's claim for negligent infliction of emotional distress by orders entered 4 November and 8 November 1991 by Greeson, J., in Superior Court, Pasquotank County. Heard in the Supreme Court 11 October 1993.

*D. Keith Teague, P.A., by D. Keith Teague, for plaintiff-appellant Andersen.*

*Baker, Jenkins, Jones & Daly, P.A., by Robert C. Jenkins and Roger A. Askew, for defendant-appellants Marilyn Combs Baccus and Murray Elton Baccus.*

*Hornthal, Riley, Ellis & Maland, by L.P. Hornthal, Jr., and John D. Leidy, for defendant-appellant State Farm Mutual Automobile Insurance Company.*

PARKER, Justice.

This case arose out of a collision on 5 February 1988 between an automobile driven by defendant Marilyn Combs Baccus and an automobile driven by Saundra L. Andersen, wife of plaintiff James J. Andersen, Jr. The collision occurred when defendant Marilyn Baccus swerved to avoid colliding with a third automobile, a Ford station wagon driven by an unknown person. The third automobile did not stop at the scene and the driver has never been identified. Plaintiff did not witness the accident but was brought to the scene of the accident before his wife was freed from the wreckage. After being freed, Mrs. Andersen was taken to a local hospital and the next day gave birth to a stillborn son, John Laurits Andersen. On 26 March 1988 Mrs. Andersen died from injuries allegedly received in the accident.

ANDERSEN v. BACCUS

[335 N.C. 526 (1994)]

Plaintiff's complaint alleged claims for wrongful death of his wife and son, punitive damages based thereon, negligent infliction of emotional distress, and punitive damages based thereon. The alleged liability of defendant State Farm Mutual Automobile Insurance Company ("State Farm") was based on its status as insurer of the automobile driven by plaintiff's intestate under a policy providing uninsured motorist coverage. Defendant State Farm asserted a counterclaim for declaratory judgment on the basis that there was no contact between any person or vehicle and the Ford automobile and "[i]n particular, there was no contact between said Ford station wagon or any person or vehicle insured under said policy."

Prior to trial defendant State Farm moved for summary judgment on its counterclaim. State Farm and defendants Baccus moved for summary judgment on plaintiff's claims for wrongful death and negligent infliction of emotional distress. After a hearing, the trial court (i) denied State Farm's motion for summary judgment on its counterclaim but granted summary judgment for plaintiff on the issue of uninsured motorist coverage; (ii) entered summary judgment for defendants on plaintiff's claim for negligent infliction of emotional distress; (iii) denied defendants' motions for summary judgment on the wrongful death claims; and (iv) granted defendants partial summary judgment as to plaintiff's claim for punitive damages related to the wrongful death claims.

On appeal to the Court of Appeals plaintiff did not pursue the punitive damages claims. As to the claims appealed, the Court of Appeals reversed the trial court's judgments. This Court granted all parties' petitions for discretionary review, Andersen v. Baccus, 333 N.C. 574, 429 S.E.2d 568-69 (1993); and for the reasons which follow, we affirm in part and reverse in part.

[1] In reversing summary judgment for plaintiff on the uninsured motorist issue, the Court of Appeals first concluded that the policy issued by defendant State Farm "clearly require[d] that the unidentified vehicle make contact with the insured or the insured's auto." Andersen v. Baccus, 109 N.C. App. at 19, 426 S.E.2d at 107. The court also considered whether the policy was in conflict with the uninsured motorist statute, N.C.G.S. § 20-279.21 (1993), and concluded that statute does not "provide for uninsured motorist coverage where a phantom vehicle allegedly cause[s] a collision between two other automobiles but make[s] no physical contact with either."

*Andersen v. Baccus*, 109 N.C. App. at 19, 426 S.E.2d at 107. The Court of Appeals also relied on its cases interpreting the statute as requiring a collision, direct or indirect, between a hit-and-run driver's car and that of the insured. *Petteway v. South Carolina Insurance Co.*, 93 N.C. App. 776, 379 S.E.2d 80 (affirming summary judgment for defendant insurance company based on lack of contact), *disc. rev. denied*, 325 N.C. 273, 384 S.E.2d 518 (1989); *McNeil v. Hartford Accident and Indemnity Co.*, 84 N.C. App. 438, 352 S.E.2d 915 (1987) (reversing summary judgment for defendant insurance company based on indirect contact); *Hendricks v. Guaranty Co.*, 5 N.C. App. 181, 167 S.E.2d 876 (1969) (affirming involuntary nonsuit for defendant insurance company based on lack of contact). The court also stated:

> Our interpretation of [section 20-279.21] is further supported by the fact that the legislature has undertaken to amend the uninsured motorist statute subsequent to this Court's first interpreting it as requiring physical contact between the insured and the hit-and-run driver. To date, it has not chosen to amend the statute to indicate that [such] physical contact is not required. When the legislature acts, it is always presumed that it acts with full knowledge of prior and existing law; and where it chooses not to amend a statutory provision that has been interpreted in a specific, consistent way by our courts, we may assume that it is satisfied with that interpretation. Thus, in consideration of the time-tested prior rulings of this Court, we are constrained to conclude that any shift away from the "physical contact" requirement must derive not from this Court, but from legislative action, or action by our Supreme Court[,] which is the final arbiter for interpreting the statutes of this state.

*Andersen v. Baccus*, 109 N.C. App. at 22, 426 S.E.2d at 108-109 (citations omitted).

We approve the careful reasoning of the Court of Appeals. Adhering to the principle of stare decisis, we decline to change existing judicial interpretation of the uninsured motorist statute, especially in light of the legislature's recent revision. *See* N.C.G.S. § 20-279.21 (1993).

Summary judgment is to be granted

ANDERSEN v. BACCUS

[335 N.C. 526 (1994)]

"if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C.R. Civ. P. 56(c). The party moving for summary judgment has the burden of establishing the lack of any triable issue. *Caldwell v. Deese*, 288 N.C. 375, 218 S.E.2d 379 (1975). The movant may meet this burden by proving that an essential element of the opposing party's claim is nonexistent, or by showing through discovery that the opposing party cannot produce evidence to support an essential element of his claim or cannot surmount an affirmative defense which would bar the claim. *Bernick v. Jurden*, 306 N.C. 435, 293 S.E.2d 405 (1982); *Dickens v. Puryear*, 302 N.C. 437, 276 S.E.2d 325 (1981).

*Collingwood v. G.E. Real Estate Equities*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989).

Applying these principles, we note that the forecast of evidence before the trial court showed there was no collision or contact between the automobile driven by the unknown motorist and any other automobile, including that driven by plaintiff's intestate. Therefore, defendant State Farm was entitled to judgment as a matter of law; and we conclude the Court of Appeals did not err in reversing summary judgment for plaintiff on this issue.

[2] We next consider the Court of Appeals' reversal of summary judgment for all defendants on plaintiff's claim for negligent infliction of emotional distress. Before this Court defendants contend that they were entitled to summary judgment on plaintiff's claim for negligent infliction of emotional distress and that the Court of Appeals erred in concluding it was reasonably foreseeable that plaintiff Andersen would suffer such distress. We agree. The Court of Appeals, relying on two of its recent decisions, based its analysis on the foreseeability element of a claim for negligent infliction of emotional distress. The cases relied on, however, have recently been reversed by this Court. *Sorrells v. M.Y.B. Hospitality Ventures of Asheville*, 108 N.C. App. 668, 424 S.E.2d 676, *rev'd*, 334 N.C. 669, 435 S.E.2d 320 (1993); *Gardner v. Gardner*, 106 N.C. App. 635, 418 S.E.2d 260 (1992), *rev'd*, 334 N.C. 662, 435 S.E.2d 324 (1993). Accordingly, in the case under review, we reverse the decision of the Court of Appeals on the issue of foreseeability.

## ANDERSEN v. BACCUS

[335 N.C. 526 (1994)]

In *Sorrells* this Court reiterated that to state a claim for negligent infliction of emotional distress, a plaintiff need only allege that (i) defendant negligently engaged in conduct; (ii) it was reasonably foreseeable the conduct would cause plaintiff severe emotional distress; and (iii) the conduct in fact caused plaintiff to suffer such distress. 334 N.C. at 672, 435 S.E.2d at 321-22. Where a plaintiff seeks to recover for severe emotional distress arising from injury to another, the plaintiff must prove he suffered such distress " 'as a proximate and *foreseeable* result of the defendant's negligence.' " *Id.* at 672, 435 S.E.2d at 322 (quoting *Johnson v. Ruark Obstetrics*, 327 N.C. 283, 304, 395 S.E.2d 85, 97, *reh'g denied*, 327 N.C. 644, 399 S.E.2d 133 (1990) ). Some factors to be considered in making the foreseeability determination include (i) plaintiff's proximity to defendant's negligent act, (ii) the relationship between plaintiff and the injured person, and (iii) whether plaintiff personally observed the negligent act. These three factors *"are not mechanistic requirements"* whose absence will inevitably defeat plaintiff's claim. *Id. Sorrells* expressly disavowed mechanical application of any arbitrary factors, stating that the issue of reasonable foreseeability must be determined under all the facts and "resolved on a case-by-case basis." *Id.* at 673, 435 S.E.2d at 322. *Sorrells* shows that this Court will also look to other cases in which it has considered foreseeability of a plaintiff's emotional distress arising from concern for another. Holding that plaintiffs' alleged distress arising from their concern for their son was a possibility too remote to be reasonably foreseeable, the Court said:

> Here, it does not appear that the defendant had any actual knowledge that the plaintiffs existed. Further, while it may be natural to assume that any person is likely to have living parents or friends [who might] suffer some measure of emotional distress if that person is severely injured or killed, those factors are not determinative on the issue of foreseeability. The determinative question for us in the present case is whether, absent specific information putting one on notice, it is reasonably foreseeable that such parents or others will suffer "severe emotional distress" as that term is defined in law. We conclude as a matter of law that the *possibility* (1) the defendant's negligence in serving alcohol to Travis (2) would combine with Travis' driving while intoxicated (3) to result in a fatal accident (4) which would in turn cause Travis' parents (if he had any) not only to become distraught, but also to suffer "severe emo-

tional distress" as defined in *Ruark*, simply was a possibility too remote to permit a finding that it was reasonably foreseeable. This is so despite the parent-child relationship between the plaintiffs and Travis. With regard to the other factors mentioned in *Ruark* as bearing on, *but not necessarily determinative of*, the issue of reasonable foreseeability, we note that these plaintiffs did not personally observe any negligent act attributable to the defendant. However, we reemphasize here that any such factors are merely matters to be considered among other matters bearing on the question of foreseeability. *Ruark*, 327 N.C. at 305, 395 S.E.2d at 98.

*Id.* at 674, 435 S.E.2d at 323.

In *Gardner*, the question presented was whether a mother, not present at the scene of a car accident in which her child received injuries resulting in his death shortly thereafter, could recover for negligent infliction of emotional distress. 334 N.C. at 663, 435 S.E.2d at 325-26. The parties stipulated that two of the three elements of the claim had been established, *i.e.*, that decedent, the minor son of plaintiff and defendant, died as a result of defendant father's negligence and that plaintiff suffered severe emotional distress. *Id.* at 666, 435 S.E.2d at 327. Discussing the third element, foreseeability, this Court noted that plaintiff was not in close proximity to, nor did she observe, defendant's negligent act. This fact, while not determinative, militated against defendant's ability to foresee that plaintiff would suffer severe emotional distress. *Id.* at 667, 435 S.E.2d at 328. In view of this fact and plaintiff's "failure to show that defendant knew she was susceptible to an emotional or mental disorder or other severe and disabling emotional or mental condition as a result of his negligence and its consequences," the Court held "plaintiff's injury was not reasonably foreseeable and its occurrence was too remote from the negligent act itself to hold defendant liable for such consequences." *Id.* at 667-68, 435 S.E.2d at 328.

Viewing the present case in light of *Gardner* and *Sorrells*, we conclude that under all the facts and circumstances defendant Marilyn Baccus could not reasonably have foreseen that her negligent act, if any, would cause plaintiff to suffer severe emotional distress. While in this case plaintiff observed his wife before she was freed from the wreckage, as in *Gardner*, plaintiff was not in close proximity to and did not observe defendant Marilyn Baccus' negligent

act, if any. As in *Sorrells*, nothing suggests that Marilyn Baccus knew of plaintiff's existence. The forecast of evidence is undisputed that at the moment of impact Marilyn Baccus did not know who was in the car which her vehicle struck and had never met Saundra Andersen. Both *Gardner* and *Sorrells* teach that the family relationship between plaintiff and the injured party for whom plaintiff is concerned is insufficient, standing alone, to establish the element of foreseeability. In this case as in *Sorrells* the possibility that the decedent might have a parent or spouse who might live close enough to be brought to the scene of the accident and might be susceptible to suffering a severe emotional or mental disorder as the result of defendant Marilyn Baccus' alleged negligent act is entirely too speculative to be reasonably foreseeable. Since on the undisputed forecast of evidence, plaintiff could not establish the element of foreseeability, defendants were entitled to judgment as a matter of law on plaintiff's claim for negligent infliction of emotional distress. Accordingly, the Court of Appeals erred in reversing the trial court's entry of summary judgment for defendants on plaintiff's claim.

AFFIRMED IN PART, REVERSED IN PART.