KIMETHA RENA McNEIL, Plaintiff v. KIMBERLY RAE HICKS, ALLSTATE INSURANCE COMPANY, Defendants

No. COA94-1024

(Filed 18 July 1995)

### 1. Insurance § 511 (NCI4th)— unidentified vehicle causing accident—no contact with plaintiff's vehicle—no uninsured motorist coverage

The trial court properly granted defendant insurer's motion for relief and dismissed the action against it based on the North Carolina Supreme Court's holding in *Andersen v. Baccus*, 335 N.C. 526, that there must be physical contact with the unidentified vehicle for uninsured motorist coverage to be provided under N.C.G.S. § 20-279.1(b), since the evidence was undisputed in this case that there was no contact between plaintiff's vehicle and the unidentified vehicle which allegedly caused the accident.

**Am Jur 2d, Automobile Insurance §§ 330 et seq.**

### 2. Evidence and Witnesses § 2103 (NCI4th)— speed of vehicle—evidence properly excluded

In an action arising out of an automobile accident, the trial court did not err in refusing to allow plaintiff to testify as to her opinion of defendant's speed before the collision, since plaintiff's testimony clearly established that she had no reasonable opportunity to observe defendant's vehicle and judge its speed.

**Am Jur 2d, Expert and Opinion Evidence § 119.**

**Admissibility and probative effect of testimony that motor vehicle was going "fast" or the like. 92 ALR2d 1391.**

Plaintiff appeals from an order entered 7 March 1994 by Judge Howard R. Greeson, Jr. and from a judgment on the jury's verdict entered 27 April 1994 by Judge Russell G. Walker, Jr., in Forsyth County Superior Court. Heard in the Court of Appeals 24 May 1995.

*David R. Tanis for plaintiff-appellant.*

*Pinto, Coates & Kyre, L.L.P., by Richard L. Pinto and Matthew L. Mason, for defendant-appellee Kimberly Rae Hicks.*

*Henson, Henson, Bayliss & Sue, L.L.P., by Perry C. Henson, for defendant-appellee Allstate Insurance Company.*

McNEIL v. HICKS

[119 N.C. App. 579 (1995)]

WALKER, Judge.

On 20 February 1991 the plaintiff's vehicle was stopped on Utah Drive at the intersection with Cole Drive in Forsyth County. Defendant Hicks (Hicks) was traveling south on Cole Drive. As Hicks approached the intersection at which plaintiff was stopped, she swerved into the right shoulder of Cole Drive to avoid an oncoming car and struck plaintiff's car on the driver's side, causing plaintiff to suffer physical injury and lost wages. The driver of the car which Hicks attempted to avoid was never identified. Plaintiff subsequently brought suit against Hicks for her alleged negligence in causing the collision, and alternatively against defendant Allstate Insurance Company (Allstate), plaintiff's liability insurance carrier. Plaintiff contended that her policy with Allstate contained an uninsured motorist clause which was in force at the time of the collision, and therefore Allstate was liable for injuries she suffered as a result of the negligence of the unidentified vehicle.

Plaintiff moved for partial summary judgment against Allstate, and this motion was granted by the trial court on 29 May 1992. Allstate appealed and this Court dismissed the appeal as interlocutory. Thereafter, on 25 February 1994, Allstate moved for relief from the order of partial summary judgment pursuant to N.C. Gen. Stat. § 1A-1 Rule 60(b)(6) (1990), and for an order dismissing all claims against Allstate without prejudice. Allstate argued that, in light of the North Carolina Supreme Court's recent holding in *Andersen v. Baccus*, 335 N.C. 526, 439 S.E.2d 136 (1994), there must be physical contact with the unidentified vehicle for uninsured motorist coverage to be provided under N.C. Gen. Stat. § 20-279.21 (b) (1993), the uninsured motorist statute (UM Statute). By an order dated 7 March 1994, the trial court granted Allstate's motion and dismissed the action against Allstate.

At trial the jury found no negligence on the part of Hicks. Plaintiff gave notice of appeal from both judgments on 6 May 1994.

[1] Plaintiff's first assignment of error is that the trial court erred in granting Allstate's motion seeking relief from a prior judgment granting plaintiff partial summary judgment on the issue of liability. Relief afforded under Rule 60(b) "is within the discretion of the trial court, and such a decision will be disturbed only for an abuse of discretion." *Harrington v. Harrington*, 38 N.C. App. 610, 612, 248 S.E.2d 460, 461 (1978). Plaintiff seeks to distinguish *Andersen*, where the Court denied the plaintiff's claim against an uninsured motorist carrier for

injuries arising out of a collision allegedly caused by an unidentified vehicle because there was no physical contact between the unidentified vehicle and either the plaintiff's or the defendant's vehicle. *Andersen v. Baccus*, 109 N.C. App. 16, 19, 426 S.E.2d 105, 107 (1993), *affirmed in part and reversed in part*, 335 N.C. 526, 439 S.E.2d 136 (1994). In this case, plaintiff contends that she is entitled to recovery from Allstate under the UM Statute based upon the jury verdict that Hicks was not negligent in causing the plaintiff's injuries. We note that plaintiff's complaint only alleged the negligence of the unidentified vehicle as a basis for UM coverage. In any event, we believe that this case comes within the purview of *Andersen*. Thus, we find that the trial court did not abuse its discretion when it granted Allstate's motion for relief in accordance with Rule 60(b)(6).

[2] Plaintiff's second assignment of error is that the trial court erred in refusing to allow her to testify as to her opinion of Hicks' speed before the collision. In order for a lay opinion regarding speed to be admissible, "the trial court must determine from the facts and circumstances as they appear in the evidence whether the witness has had a reasonable opportunity to observe the vehicle and judge its speed." *Beaman v. Sheppard*, 35 N.C. App. 73, 76, 239 S.E.2d 864, 866, *disc. rev. denied*, 294 N.C. 441, 241 S.E.2d 843 (1978). A reasonable opportunity exists where the witness observes the vehicle "for such a distance and over such a period of time as to enable [him or her] to do more than merely hazard a guess as to speed." *Smith v. Stocks*, 54 N.C. App. 393, 398, 283 S.E.2d 819, 822 (1981). Plaintiff testified that she did not have time to form an opinion of the speed at which Hicks was traveling when she first saw her in the ditch, and that it was about three seconds from the time she saw Hicks' car in the ditch until the time it hit her. Since plaintiff's testimony clearly established that she had no reasonable opportunity to observe Hicks' vehicle and judge its speed, we hold that the trial court correctly excluded plaintiff's testimony.

Plaintiff's third assignment of error is that there was insufficient evidence to support a jury instruction as to the doctrine of sudden emergency. Since the record does not reflect whether the plaintiff made a timely objection to a jury instruction on the doctrine of sudden emergency, we overrule this assignment of error. *See* N.C.R. App. P. 10(b)(2) and 10(c)(1)-(2) (1995).

Plaintiff's final assignment of error is that she was entitled to a directed verdict in her favor on the issue of the negligence of Hicks.

We overrule this assignment of error since plaintiff did not preserve this error for appeal by making the appropriate motions during the trial. Assuming *arguendo* that plaintiff had made such a motion and having carefully reviewed the record, we find that the trial court would not have abused its discretion in denying the motion.

No error.

Judges COZORT and JOHN concur.