JACQUELINE HARRINGTON GARDNER, ADMINISTRATRIX OF THE ESTATE OF SETH CAMPBELL GARDNER, JACQUELINE HARRINGTON GARDNER, INDIVIDUALLY v. BENJAMIN A. GARDNER

No. 285A92

(Filed 8 October 1993)

**Damages § 21 (NCI4th); Negligence § 19 (NCI4th)— child injured in car accident—negligence by defendant—emotional distress of mother not foreseeable**

Plaintiff mother could not recover for negligent infliction of emotional distress when she suffered mental anguish upon being informed that her child was in a car accident caused by defendant's negligence, rushing to the hospital where she observed resuscitation efforts by emergency personnel upon her child, and later learning of her child's death where plaintiff was not present at the time of defendant's negligent act, and there was no allegation or forecast of evidence that defendant knew that plaintiff was subject to an emotional or mental disorder or other severe or disabling emotional or mental condition as a result of his negligence and its consequences, since plaintiff's injury was not reasonably foreseeable by defendant and its occurrence was too remote from the negligent act itself to hold defendant liable for such consequences.

**Am Jur 2d, Damages § 251 et seq.; Negligence § 488 et seq.**

GARDNER v. GARDNER

[334 N.C. 662 (1993)]

**Recovery of damages for grief or mental anguish resulting from death of child — modern cases. 45 ALR4th 234.**

Chief Justice EXUM dissenting.

Justice MEYER concurring in the result.

Appeal by defendant pursuant to N.C.G.S. § 7A-30(2) from a decision of a divided panel of the Court of Appeals, 106 N.C. App. 635, 418 S.E.2d 260 (1992), reversing an order for partial summary judgment in favor of defendant entered by Duke, J., on 31 May 1991 in Superior Court, Pitt County. Heard in the Supreme Court 14 January 1993.

*Gaskins and Gaskins, P.A., by Herman E. Gaskins, Jr., for plaintiff-appellee.*

*Baker, Jenkins, Jones & Daly, P.A., by Ronald G. Baker and R.B. Daly, Jr., for defendant-appellant.*

*Nichols, Caffrey, Hill, Evans & Murrelle, by Richard L. Pinto, for North Carolina Association of Defense Attorneys, amicus curiae.*

WHICHARD, Justice.

This case presents the question whether a mother who is not present at the scene of a car accident in which her child is injured may recover for negligent infliction of emotional distress (NIED) when she suffers mental anguish upon being informed of the accident, rushing to the hospital where she observes resuscitative efforts by emergency personnel upon her child, and later learning of her child's death. We hold that because the pleadings and forecast of evidence fail to establish the reasonable foreseeability of her injury, she cannot, and we therefore reverse the decision of the Court of Appeals and remand for reinstatement of the trial court's order dismissing plaintiff's NIED claim with prejudice.

On 18 August 1990, thirteen-year-old Seth Campbell Gardner was injured when the truck being driven by his father, defendant Benjamin Gardner, ran into a bridge abutment on a rural road near Greenville. The accident occurred several miles away from the home of Seth's maternal grandmother, where his mother, plaintiff Jacqueline Gardner, was residing. Upon learning of the accident by telephone, plaintiff went directly to the emergency room at Pitt County Memorial Hospital. About five minutes after she arrived, she saw her son wheeled into the emergency room and ob-

GARDNER v. GARDNER

[334 N.C. 662 (1993)]

served emergency room personnel applying resuscitative techniques to him. The boy was taken immediately to a treatment room, and plaintiff was taken to a private waiting room. Plaintiff did not see her son again but periodically was advised of his condition. Some time later plaintiff was told that her son had died and was requested to donate his organs.

In her capacity as administratrix plaintiff sued defendant for the wrongful death of their minor son, and in her individual capacity she sued him for negligent infliction of emotional distress. She alleged that she suffered severe emotional distress and, as a result, has sought and received professional counseling; that the injury to her son and emotional distress she suffered were caused by defendant's negligence; and that it was reasonably foreseeable that defendant's negligent conduct would cause her severe emotional distress.

The trial court treated defendant's motion to dismiss as a motion for summary judgment. For purposes of that motion the parties stipulated that their son had died as a result of defendant's negligence and that plaintiff had suffered severe emotional distress as a result of the accident and death. The trial court granted summary judgment as to plaintiff's claim for NIED and dismissed that claim with prejudice. It ruled that, as a matter of law, plaintiff could not establish a claim for NIED because she did not witness the accident nor was she in sufficiently close proximity thereto to satisfy the "foreseeability factors" set forth in *Johnson v. Ruark Obstetrics*, 327 N.C. 283, 395 S.E.2d 85 (1990).

On appeal, the Court of Appeals held that plaintiff's emotional distress as a result of defendant's negligence was foreseeable. Emphasizing that the *Ruark* factors were not requirements for foreseeability but were "*to be considered* on the question of foreseeability," the court stated:

> In common experience, a parent who sees its mortally injured child soon after an accident, albeit at another place, perceives the danger to the child's life, and experiences those agonizing hours preceding the awful message of death may be at no less risk of suffering a similar degree of emotional distress than . . . a parent who is actually exposed to the scene of the accident.

*Gardner v. Gardner*, 106 N.C. App. 635, 639, 418 S.E.2d 260, 263 (1992). The court held that defendant "could have reasonably fore-

seen that his negligence might be a direct and proximate cause of the plaintiff's emotional distress," *id.*, and it accordingly reversed the trial court.

Judge Eagles dissented on the grounds that plaintiff did not observe and was not in close proximity to the negligent act and therefore "failed to establish sufficient proximity to satisfy the foreseeability requirements of *Ruark." Id.* at 640, 418 S.E.2d at 263 (Eagles, J., dissenting). Defendant appealed to this Court as a matter of right based on the dissent. N.C.G.S. § 7A-30(2) (1989).

Summary judgment can be sustained only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C.G.S. § 1A-1, Rule 56(c) (1990). "[I]ts purpose is to eliminate formal trials where only questions of law are involved." *Kessing v. Mortgage Corp.,* 278 N.C. 523, 534, 180 S.E.2d 823, 830 (1971). It is, however, "a drastic measure, and it should be used with caution." *Williams v. Power & Light Co.,* 296 N.C. 400, 402, 250 S.E.2d 255, 257 (1979). Notwithstanding, "summary judgment . . . is proper where the evidence fails to establish negligence on the part of defendant . . . or establishes that the alleged negligent conduct was not the [foreseeable and] proximate cause of [plaintiff's] injury." *Rorrer v. Cooke,* 313 N.C. 338, 355, 329 S.E.2d 355, 366 (1985) (quoting *Williams v. Power & Light Co.,* 36 N.C. App. 146, 147, 243 S.E.2d 143, 144, *rev'd on factual grounds,* 296 N.C. 400, 250 S.E.2d 255 (1979)).

In *Johnson v. Ruark Obstetrics,* 327 N.C. 283, 395 S.E.2d 85, we concluded that an action for negligent infliction of emotional distress had its roots in one hundred years of North Carolina jurisprudence, beginning with *Young v. Telegraph Co.,* 107 N.C. 370, 11 S.E. 1044 (1890). We noted that *Young* and, subsequently, *Bailey v. Long,* 172 N.C. 661, 90 S.E. 809 (1916), permitted a cause of action for emotional distress arising not from a plaintiff's concern for his own welfare, but from his concern for that of another. *Ruark,* 327 N.C. at 296, 395 S.E.2d at 93. From these cases we concluded that in order to state a claim for negligent infliction of emotional distress, a "plaintiff need not allege or prove any physical impact, physical injury, or physical manifestation of emotional distress." *Id.* at 304, 395 S.E.2d at 97. The only requisite allegations were "that (1) the defendant negligently engaged in

conduct, (2) it was reasonably foreseeable that such conduct would cause the plaintiff severe emotional distress . . . , and (3) the conduct did in fact cause the plaintiff·severe emotional distress." *Id.* " '[S]evere emotional distress,' " we specified, "means any emotional or mental disorder, such as, for example, neurosis, psychosis, chronic depression, phobia, or any other type of severe and disabling emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so." *Id.* The touchstone for whether a plaintiff may recover for NIED is whether "the plaintiff can prove that he or she has suffered such severe emotional distress as a proximate and *foreseeable* result of the defendant's negligence." *Id.* To guide the determination of whether the plaintiff's injury was a foreseeable result of the defendant's negligence, we suggested three factors to be considered: "[1] the plaintiff's proximity to the negligent act, [2] the relationship between the plaintiff and the other person for whose welfare the plaintiff is concerned, and [3] whether the plaintiff personally observed the negligent act." *Id.* at 305, 395 S.E.2d at 98. Notably, these factors were not termed "elements" of the claim. They were neither requisites nor exclusive determinants in an assessment of foreseeability, but they focused on *some* facts that could be particularly relevant in any one case in determining the foreseeability of harm to the plaintiff. Whatever their weight in this determination, we stressed that "[q]uestions of foreseeability and proximate cause must be determined under *all* the facts presented" in each case. *Id.* (emphasis added).

In this case the parties stipulated to two of the three factors necessary to state a claim for NIED. They agreed that their minor son died as a result of defendant's negligence and that plaintiff suffered severe emotional distress as a result of the accident and the death of her son. The third requisite factor—that it was reasonably foreseeable defendant's conduct would cause plaintiff's severe emotional distress—is the crux of this appeal. In order to determine whether there is a genuine issue of material fact as to this question, we must look at all of the facts guided by the factors suggested in *Ruark*.

Plaintiff here, like the plaintiffs in *Ruark*, alleges that she is the parent of the child who died as a result of defendant's negligence. Plaintiff was not, however, in close proximity to, nor did she observe, defendant's negligent act. At the time defendant's vehicle struck the bridge abutment, plaintiff was at her mother's

## GARDNER v. GARDNER

[334 N.C. 662 (1993)]

house several miles away. This fact, while not in itself determinative, unquestionably militates against defendant's being able to foresee, at the time of the collision, that plaintiff would subsequently suffer severe emotional distress as a result of his accident. Because she was not physically present at the time of defendant's negligent act, plaintiff was not able to see or hear or otherwise sense the collision or to perceive immediately the injuries suffered by her son. Her absence from the scene at the time of defendant's negligent act, while not in itself decisive, militates against the foreseeability of her resulting emotional distress.

Further, and more importantly, to establish an NIED claim a plaintiff must allege and prove "that *severe* emotional distress was a foreseeable and proximate result of [the] negligence . . .; mere temporary fright, disappointment or regret will not suffice." *Ruark*, 327 N.C. at 304, 395 S.E.2d at 97 (emphasis added). "In this context, the term '*severe* emotional distress' means any *emotional or mental disorder,* such as . . . neurosis, psychosis, chronic depression, phobia, or any other type of *severe and disabling* emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so." *Id.* (emphasis added). While anyone should foresee that virtually any parent will suffer *some* emotional distress—"temporary disappointment . . . or regret"—in the circumstances presented, to establish a claim for NIED the law requires reasonable foresight of an emotional or mental disorder or other severe and disabling emotional or mental condition. Here, there is neither allegation nor forecast of evidence that defendant knew plaintiff was subject to an emotional or mental disorder or other severe and disabling emotional or mental condition as a result of his negligence and its consequences. Absent such knowledge, such an outcome cannot be held to be reasonably foreseeable, and plaintiff has failed to establish a claim for NIED.

That plaintiff suffered severe emotional distress upon seeing her son in the emergency room undergoing resuscitative efforts a period of time after the accident, and upon learning subsequently of his death, is stipulated. Nevertheless, absent reasonable foreseeability, this is not an injury for which defendant is legally accountable. "[P]art of living involves some unhappy and disagreeable emotions with which we must cope without recovery of damages." *Gates v. Richardson,* 719 P.2d 193, 198 (Wyo. 1986). Given her absence from the time and place of the tort and her failure to show that defendant knew she was susceptible to an emotional

GARDNER v. GARDNER

[334 N.C. 662 (1993)]

or mental disorder or other severe and disabling emotional or mental condition as a result of his negligence and its consequences, we hold that plaintiff's injury was not reasonably foreseeable and its occurrence was too remote from the negligent act itself to hold defendant liable for such consequences.

The trial court thus properly granted summary judgment to defendant on the NIED issue. The decision of the Court of Appeals reversing that judgment is accordingly reversed, and the cause is remanded to the Court of Appeals for further remand to the Superior Court, Pitt County, for reinstatement of the order of summary judgment for defendant on plaintiff's claim, in her individual capacity, for negligent infliction of emotional distress.

REVERSED AND REMANDED.

Chief Justice EXUM dissenting.

While agreeing that the majority has identified the appropriate legal principles to resolve this case, I cannot agree with its application of them to the facts here. Because of the close family relationship between the tortfeasor, the child and the plaintiff, I believe a jury might appropriately find that the tortfeasor should reasonably have foreseen that if he negligently killed the child of his marriage to plaintiff, plaintiff would suffer severe emotional distress, even as that term is defined by the majority.

This case is not entirely like *Sorrells*,[1] decided today, or *Ruark*,[2] but it is much closer to *Ruark* — close enough so that our decision in *Ruark* should control. Indeed, the foreseeability issue here seems more easily resolved in plaintiff's favor than it was in *Ruark*. In *Ruark* the alleged tortfeasor was a physician whose negligence allegedly caused the death of the fetus of the plaintiff who was his patient. Here the tortfeasor is plaintiff's husband who, according to the stipulations, negligently caused the death of his and plaintiff's thirteen-year-old child, in turn causing plaintiff to suffer severe emotional distress. Because of the deceased child's age, thirteen, the parent-child bonding and the parents' emotional investment in the child were likely to be quite strong. That the

1. *Sorrells v. M.Y.B. Hospitality Ventures of Asheville*, 334 N.C. 669, 435 S.E.2d 320 (1993).

2. *Johnson v. Ruark Obstetrics*, 327 N.C. 283, 395 S.E.2d 85 (1990).

tortfeasor is plaintiff's husband and was the child's father and the child was born of his and plaintiff's marriage further exacerbate the total tragedy.

The majority says, quoting from a Wyoming case, that "part of living involves some unhappy and disagreeable emotions with which we must cope without recovery of damages." While true as far as it goes, this aphorism should have no application to the psychological and emotional trauma which any mother must surely suffer when her thirteen-year-old child is killed by the negligence of her husband who is also the child's father. A more emotionally shattering family tragedy is hard to imagine. That it would likely produce severe emotional distress on the part of the child's mother when she learns of it, however physically close to the accident scene itself she might have been, seems to me reasonably foreseeable to the father-husband tortfeasor. At least a jury might reasonably find it to be so.

For these reasons, I vote to affirm the decision of the Court of Appeals.

Justice MEYER concurring in result.

I concur only in the result reached by the majority for the reasons expressed in my concurring in result opinion in *Sorrells v. M.Y.B. Hospitality Ventures*, 334 N.C. 669, 675, 435 S.E.2d 320, 323 (1993).