EARL R. BUTZ, LINDA M. BUTZ, AND MARC BUTZ, PLAINTIFFS v. JIMMY
DAVIS HOLDER, DEFENDANT

No. 9211SC252

(Filed 21 December 1993)

**Negligence § 19 (NCI4th)— son injured in accident—negligence
by defendant—emotional distress of parents not foreseeable**

Plaintiff parents who went to their teenage son's fatal
accident scene could not recover against defendant tortfeasor
for negligent infliction of emotional distress where there was
neither allegation nor forecast of evidence that defendant knew
that plaintiff parents were subject to emotional or mental
disorders or other severe and disabling emotional or mental
conditions as a result of defendant's negligence and its con-
sequences, since it was not reasonably foreseeable that de-
fendant's negligence while driving an automobile would cause
decedent's parents to suffer severe emotional distress.

**Am Jur 2d, Negligence § 488 et seq.**

Appeal by plaintiffs from order entered 16 December 1991
by Judge Giles R. Clark in Harnett County Superior Court. Heard
in the Court of Appeals 5 January 1993.

*Smith, Debnam, Hibbert & Pahl, by John W. Narron and
Elizabeth B. Godfrey, for plaintiffs-appellants.*

*Savage & Godfrey, by David R. Godfrey, for plaintiffs-appellants.*

*Bailey & Dixon, by Gary S. Parsons and Denise Stanford
Haskell, for defendant-appellee.*

JOHNSON, Judge.

Our reasoning in *Butz v. Holder,* 112 N.C. App. 116, 434 S.E.2d
862 (1993) was based substantially on *Gardner v. Gardner,* 106
N.C. App. 635, 418 S.E.2d 260 (1992), *rev'd,* 334 N.C. 662, 435 S.E.2d
324 (1993) and *Sorrells v. M. Y. B. Hospitality Ventures of Asheville,*
108 N.C. App. 668, 424 S.E.2d 676, *rev'd,* 334 N.C. 669, 435 S.E.2d
320 (1993). Our Supreme Court has since issued opinions reversing
both *Gardner* and *Sorrells.* Defendant timely petitioned for rehear-
ing and we granted this petition.

**BUTZ v. HOLDER**

[113 N.C. App. 156 (1993)]

We briefly revisit the facts of *Butz*. 13-year-old Dwayne John Butz was hit and killed by an automobile driven by defendant. At the time of the accident, which occurred on a bridge, decedent was riding his bicycle on Rural Road 1415 which was approximately one-half mile from his parents' home.

A neighbor went to decedent's home and informed plaintiff father, Earl R. Butz, of the accident; plaintiff father immediately went to the site of the accident where he learned his son had been killed. Decedent was covered with a sleeping bag in the road. Plaintiff mother, Linda M. Butz, and brother, Marc Butz, arrived shortly thereafter, separately.

During the months following the accident, as a result of emotional distress, plaintiff mother sought psychiatric and psychological care and plaintiff father developed high blood pressure.

We held in *Butz* "where plaintiffs father and mother of the decedent arrived at the scene of the accident shortly after its occurrence, defendant could have reasonably foreseen that negligence on defendant's part might be a direct or proximate cause of plaintiff parents' emotional distress. We hold that this issue of foreseeability as to the parents for negligent infliction of emotional distress is one for the jury." *Butz*, 112 N.C. App. at 120, 434 S.E.2d at 864.

We relied upon *Sorrells* in our previous *Butz* decision. *Sorrells* involved a 21-year-old son who was killed in an automobile accident, his body mutilated, after being negligently served alcohol by the defendant bartender. The action in *Sorrells* was brought by the parents of the decedent; our Court held that the issue of foreseeability in *Sorrells* was one for the jury. On appeal as of right, the Supreme Court reversed, holding that this accident was not reasonably foreseeable.

The Court noted that to state a claim for negligent infliction of emotional distress (NIED), "the plaintiff need only allege that: '(1) the defendant negligently engaged in conduct, (2) it was reasonably foreseeable that such conduct would cause the plaintiff severe emotional distress . . . , and (3) the conduct did in fact cause the plaintiff severe emotional distress.' " *Sorrells*, 334 N.C. at 672, 435 S.E.2d at 321-22, *quoting Johnson v. Ruark Obstetrics*, 327 N.C. 283, 304, 395 S.E.2d 85, 97 (1990). The factors to consider in making this foreseeability determination "include, *but are not limited to*: (1) 'the plaintiff's proximity to the negligent act' causing injury

**BUTZ v. HOLDER**

[113 N.C. App. 156 (1993)]

to the other person, (2) 'the relationship between the plaintiff and the other person,' and (3) 'whether the plaintiff personally observed the negligent act.' " *Sorrells*, 334 N.C. at 672, 435 S.E.2d at 322, *quoting Ruark*, 327 N.C. at 305, 395 S.E.2d at 98. (Emphasis retained.) The Court stated that in NIED cases, the Court was "compelled to carry out a principle *only* to its necessary and logical results, and not to its furthest theoretical limit, in disregard of other established principles." (Citations omitted.) (Emphasis retained.) *Sorrells,* 334 N.C. at 673, 435 S.E.2d at 322. The *Sorrells* Court concluded as a matter of law "that the *possibility* (1) the defendant's negligence in serving alcohol to [decedent] (2) would combine with [decedent's] driving while intoxicated (3) to result in a fatal accident (4) which would in turn cause [decedent's] parents (if he had any) not only to become distraught, but also to suffer 'severe emotional distress' as defined in *Ruark*, simply was a possibility too remote to permit a finding that it was reasonably foreseeable." (Emphasis retained.) *Id.* at 674, 435 S.E.2d at 323.

In *Gardner*, decedent was a minor son who lived with the plaintiff, his mother. Decedent was killed while riding in a car being driven by the defendant, his father. When the plaintiff heard about the accident, she went to the emergency room and saw her son on a stretcher, his body covered except for his hands and feet. He died later in the day. Our Court held that the defendant therein "could have reasonably foreseen that his negligence might be a *direct and proximate cause of the plaintiff's emotional distress*[.]" *Gardner*, 334 N.C. at 664-65, 435 S.E.2d at 326.

On appeal, the Supreme Court noted that in *Gardner* the first and third of the *Ruark* requirements had been met, but that "the . . . requisite factor — that it was reasonably foreseeable defendant's conduct would cause plaintiff's severe emotional distress — is the crux of this appeal." *Gardner*, 334 N.C. at 666, 435 S.E.2d at 327. In looking at all of the factors suggested by *Ruark* for guidance, the *Gardner* Court held "that plaintiff's injury was not reasonably foreseeable and its occurrence was too remote from the negligent act itself to hold defendant liable for such consequences." *Id.* at 668, 435 S.E.2d at 328.

In light of *Sorrells* and *Gardner*, to find it foreseeable that defendant's negligence while driving an automobile would result in a fatal accident which would cause decedent's parents to suffer severe emotional distress is not proper on these facts.

Furthermore, the *Gardner* Court, in dismissing the plaintiffs' NIED claim stated that "there is neither allegation nor forecast of evidence that defendant *knew* plaintiff was subject to an emotional or mental disorder or other severe and disabling emotional or mental condition as a result of his negligence and its consequences." *Gardner*, 334 N.C. at 667, 435 S.E.2d at 328. (Emphasis added.) It appears from this language in *Gardner* that the Supreme Court has held that in any claim for NIED, the plaintiff must allege and through a forecast of evidence show that defendant *knew* that the plaintiff was subject to an emotional or mental disorder or other severe and disabling emotional or mental condition to say that the consequences of the alleged tortfeasor's negligence were reasonably foreseeable. In the instant case, there is neither allegation or forecast of evidence that the defendant *knew* plaintiff parents were subject to emotional or mental disorders or other severe and disabling emotional or mental conditions as a result of defendant's negligence. Therefore, pursuant to *Gardner*, the emotional distress suffered by plaintiff parents was not a foreseeable consequence of the actions of the defendant.

The decision of the trial court is affirmed.

Judges GREENE and MARTIN concur.