**KENNEDY v. HAWLEY**

[128 N.C. App. 312 (1998)]

MARTY C. KENNEDY, Plaintiff v. CLARICE HAWLEY, Administratrix of Keith Ray Hawley, Deceased, Defendant

No. COA97-245

(Filed 6 January 1998)

**Animals, Livestock, or Poultry § 8 (NCI4th)— negligence action—dog chasing bicycle—no previous instances—summary judgment for defendant—improper**

The trial court erred by granting summary judgment for defendant in a negligence action which resulted from defendant's dog charging at plaintiff while plaintiff rode her bicycle, causing plaintiff to fall and suffer injuries. Although defendant presented ample evidence that he had no knowledge that the dog had chased bicyclists in the past, this does not satisfy defendant's burden of showing that plaintiff cannot present evidence that defendant was aware or should have been aware that his dog was likely to chase bicyclists. Whether a dog is likely to chase a bicyclist requires a consideration of various factors.

Appeal by plaintiff from order filed 19 December 1996 by Judge Quentin T. Sumner in Nash County Superior Court. Heard in the Court of Appeals 27 October 1997.

*Michael B. Brough & Associates, by Alison A. Erca, for plaintiff appellant.*

*Battle, Winslow, Scott & Wiley, P.A., by J. Brian Scott and M. Greg Crumpler, for defendant appellee.*

GREENE, Judge.

Marty C. Kennedy (Plaintiff) appeals entry of summary judgment for Keith Ray Hawley (Defendant).

On 19 September 1990, Defendant took his fifteen-month-old dog, a Labrador retriever named Ranger, to Birchwood Country Club to fetch sticks. Ranger was not restrained by a leash, but had been trained to sit and stay on Defendant's command. Plaintiff was bicycling down an adjacent road when Ranger "charged" her bicycle, causing Plaintiff to fall onto the pavement and to sustain injuries to her head and shoulder. Following the accident, Plaintiff was treated for vertigo, a condition causing unexpected dizziness. No evidence

was presented which would tend to show that Ranger had ever "charged" anyone on any prior occasion.

On 30 July 1993, Plaintiff filed a complaint alleging negligence per se for Defendant's violation of the animal control ordinances of Nash County and the Town of Nashville (Ordinances). Plaintiff sought relief for damages sustained as a result of her encounter with Ranger. On 20 December 1993, Plaintiff again fell and sustained injuries when she suffered an attack of vertigo while riding her bicycle.

Defendant filed a motion for summary judgment alleging that there was "no evidence that Plaintiff's [sic] dog prior to September 19, 1990 had chased . . . bicyclists," and in the alternative requested partial summary judgment as to damages resulting from Plaintiff's 20 December 1993 fall. The trial court granted Defendant's motion for summary judgment as to Plaintiff's entire claim.

---

The issue is whether Defendant has met his burden of showing that there is no genuine issue of material fact as to whether Defendant knew or should have known that his dog was likely to chase a bicyclist.

Summary judgment is appropriate only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." *Gardner v. Gardner*, 334 N.C. 662, 665, 435 S.E.2d 324, 326-27 (1993) (quoting N.C.G.S. § 1A-1, Rule 56(c) (1990)). It is the burden of the party moving for summary judgment to establish the lack of any genuine issue of material fact. *Pembee Mfg. Corp. v. Cape Fear Constr. Co.*, 313 N.C. 488, 491, 329 S.E.2d 350, 353 (1985) (citing *Texaco, Inc. v. Creel*, 310 N.C. 695, 699, 314 S.E.2d 506, 508 (1984)). The moving party may meet this burden by showing that "an essential element of the opposing party's claim is nonexistent" or that the opposing party will not be able to "produce evidence to support an essential element of the claim . . . ." *Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 63, 414 S.E.2d 339, 342 (1992).

The Ordinances at issue provide: "It shall be unlawful for an owner or keeper *to permit* an animal or animals to create a nuisance, or to maintain a nuisance created by an animal or animals." Nash County, N.C., *Ordinances* § V(A) (1986); Nashville, N.C., *Ordinances* art. I, § 3-6 (1987) (emphasis added). The words "to permit" have been construed by our courts to mean an acquiescence with knowledge.

*Underwood v. Board of Alcoholic Control*, 278 N.C. 623, 630, 181 S.E.2d 1, 6 (1971). Knowledge may be implied from the circumstances, *id.* at 632, 181 S.E.2d at 7, and in the context of a civil case, a person is "held to know that which he would have known had he exercised that degree of care which a reasonably prudent man would have exercised under similar circumstances," *State v. Stathos*, 208 N.C. 456, 457, 181 S.E. 273, 274 (1935). A "nuisance" is: "An animal [that] chases, snaps at, harasses or impedes pedestrians, bicyclists or vehicles." Nash County, N.C., *Ordinances* § I(E); Nashville, N.C. *Ordinances* art. I, § 3-1. A dog owner, therefore, violates the Ordinances when he creates a situation where his dog can chase a bicyclist and the owner knew or should have known that such an occurrence was likely.

Although Defendant's required knowledge may be shown through previous instances of chasing known to Defendant, this is not the exclusive method of showing Defendant's knowledge that his dog is likely to chase a bicyclist. Whether a dog is likely to chase a bicyclist requires a consideration of various factors including the "size, nature and habits of the dog, known to the owner . . . ." *Miller v. Snipes*, 12 N.C. App. 342, 346, 183 S.E.2d 270, 273 (quoting *Sink v. Moore*, 267 N.C. 344, 350, 148 S.E.2d 265, 270 (1996)), *cert. denied*, 279 N.C. 619, 184 S.E.2d 883 (1971); *see State v. Powell*, 336 N.C. 762, 772, 446 S.E.2d 26, 32 (1994) ("[K]nowledge of [a dog's] vicious propensities is not the only evidence that will support a conclusion that injury was foreseeable."). Any knowledge Defendant may or may not have had about Ranger chasing others in the past "would be a circumstance to be weighed with [other factors] disclosed by the evidence." *Lloyd v. Bowen*, 170 N.C. 216, 220, 86 S.E. 797, 798 (1915).

In this case, Defendant presented ample evidence at the summary judgment hearing that he had no knowledge that Ranger had chased bicyclists in the past. This evidence, however, does not satisfy Defendant's burden of showing that Plaintiff cannot present other evidence showing that Defendant was aware or should have been aware that his dog was likely to chase bicyclists. Summary judgment for Defendant was therefore error.

We do not address Defendant's alternative motion for summary judgment, as that matter was not addressed by the trial court.

Reversed and remanded.

Chief Judge ARNOLD and Judge McGEE concur.