SALLY JANE FIELDS, Plaintiff-Appellant v. GILLES PAUL DERY, Jr.,
Defendant-Appellee

No. COA98-71

(Filed 1 December 1998)

### 1. Emotional Distress— foreseeability—witnessing mother's death in car crash—not foreseeable

The trial court did not err by granting defendant's motion to dismiss under N.C.G.S. § 1A-1, Rule 12(b)(6) in an action for negligent infliction of emotional distress arising from plaintiff witnessing the death of her mother in an automobile accident where the possibility that decedent might have had a child following her in a separate vehicle who might witness the collision and suffer severe emotional distress because of defendant's alleged negligence could not have been reasonably foreseeable to defendant.

### 2. Emotional Distress— foreseeability—witnessing mother's death in car crash—chance to depose defendant—insufficient allegations

The trial court did not err by granting defendant's motion for a 12(b)(6) dismissal in an action for negligent infliction of emotional distress arising from plaintiff witnessing the death of her mother in an automobile collision. Although plaintiff argued that she should have been given an opportunity to depose defendant about what he saw on the day of the collision, the complaint contains no allegations or forecast of evidence that defendant had knowledge of plaintiff's relationship to decedent, nor that defendant knew that plaintiff was subject to suffering severe emotional distress as a result of defendant's conduct.

Appeal by plaintiff from order entered 6 November 1997 by Judge William H. Freeman in Guilford County Superior Court. Heard in the Court of Appeals 24 September 1998.

*Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P., by John W. Ormand III, and Elizabeth V. LaFollette, for plaintiff-appellant.*

*Frazier, Frazier & Mahler, L.L.P., by Torin L. Fury, for defendant-appellee.*

*Walter K. Burton and James D. Secor, III, for unnamed defendant-appellee Allstate Insurance Company.*

FIELDS v. DERY

[131 N.C. App. 525 (1998)]

McGEE, Judge.

Plaintiff alleged in her complaint that on 21 May 1994 she was following her mother, Ann Fields, home from work while driving south on Davis Mill Road, in Guilford County, North Carolina. Plaintiff followed in her own vehicle, several car lengths back. Defendant was driving east on Steeple Chase road in a truck. He failed to stop at a stop sign at the intersection of Davis Mill and Steeple Chase Roads, and hit plaintiff's mother's vehicle. Plaintiff alleged defendant was traveling approximately forty-five miles per hour, and that her mother's car "rolled approximately three times before coming to a stop on the far shoulder of Davis Mill Road." Plaintiff's mother was thrown from her vehicle onto Davis Mill Road and was killed.

Defendant was convicted of misdemeanor death by vehicle and a stop sign violation. Plaintiff witnessed the collision and was the first person to come to her mother's assistance.

Plaintiff filed suit for negligent infliction of emotional distress against defendant on 20 May 1997. Plaintiff's underinsured motorist insurance carrier, Allstate Insurance Company, was served on 22 May 1997. In her complaint, plaintiff alleged severe emotional distress and mental anguish as a consequence of seeing her mother killed, and sought compensatory damages. Defendant filed a motion to dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted pursuant to North Carolina Rules of Civil Procedure 12(b)(6) on 1 July 1997. Unnamed defendant Allstate Insurance Company filed a notice of appearance and answer in the name of the defendant on 23 June 1997. The trial court granted defendant's 12(b)(6) motion on 6 November 1997. Plaintiff appeals.

I.

[1] Plaintiff argues the trial court erred in dismissing her claim for negligent infliction of emotional distress, contending that her complaint properly alleged all of the elements of the tort. We disagree and find that plaintiff's complaint failed to allege the necessary element of foreseeability.

In order to state a claim for negligent infliction of emotional distress, a plaintiff "must allege that (1) the defendant negligently engaged in conduct, (2) it was reasonably foreseeable that such conduct would cause plaintiff severe emotional distress . . ., and (3) the conduct did in fact cause plaintiff severe emotional dis-

tress." *Johnson v. Ruark Obstetrics*, 327 N.C. 283, 304, 395 S.E.2d 85, 97, *reh'g denied*, 327 N.C. 644, 399 S.E.2d 133 (1990) (citations omitted).

In *Ruark*, our Supreme Court addressed the element of foreseeability in cases of negligent infliction of emotional distress. The Court set forth three factors to be considered in determining the issue of foreseeability: (1) the plaintiff's proximity to the negligent act, (2) the relationship between the plaintiff and the other person for whose welfare the plaintiff is concerned, and (3) whether the plaintiff personally observed the negligent act. *Id.* at 305, 395 S.E.2d at 98. Plaintiff's complaint in this case included allegations of all three factors, in that: plaintiff was driving behind her mother's car, she witnessed the collision, and she was first person to reach her mother's side.

However, our Supreme Court has recognized that the *Ruark* factors are not dispositive of all foreseeability issues, and that cases of negligent infliction of emotional distress must be determined on a case-by-case basis, considering all of the relevant facts. *Ruark* at 305, 395 S.E.2d at 98; *Sorrells v. M.Y.B. Hospitality Ventures of Asheville*, 334 N.C. 669, 673, 435 S.E.2d 320, 322 (1993).

In *Wrenn v. Byrd*, 120 N.C. App. 761, 464 S.E.2d 89, *disc. review denied*, 342 N.C. 666, 467 S.E.2d 738 (1996), plaintiff took her husband to the hospital where he was diagnosed with gastroenteritis and released. He then developed black spots on his body and was diagnosed with septic shock. Plaintiff's husband had most of both feet and one finger amputated because of the infection. *Id.* at 762, 464 S.E.2d at 90. The trial court granted defendant's summary judgment motion as to plaintiff's negligent infliction of emotional distress claim and our Court reversed, holding that the emotional distress suffered by plaintiff was foreseeable. Plaintiff was with her husband in the hospital; she observed the negligent act of the defendant; and defendant knew that plaintiff and her husband were married. *Id.* at 766, 464 S.E.2d at 93. Plaintiff argues that *Wrenn* controls in the case before us. However, plaintiff did not allege that defendant had any knowledge of plaintiff's relationship to the decedent.

As we noted in *Wrenn*, "our Supreme Court has used language which appears to suggest that absent evidence of the defendant's knowledge of the plaintiff's emotional or mental condition, the plaintiff cannot recover for negligent infliction of emotional distress". *Wrenn at* 766, 464 S.E.2d at 93 (citations omitted). For example, in

*Gardner v. Gardner*, 334 N.C. 662, 435 S.E.2d 324 (1993), a mother filed a negligent infliction of emotional distress action against her husband who drove his truck into a bridge abutment causing the death of their son. When the plaintiff heard about the accident, she went to the emergency room and saw her son on a stretcher, his body covered except for his hands and feet. He died later that day. The trial court granted the father's motion for summary judgment, holding that the mother was not a foreseeable plaintiff. Our Supreme Court, in upholding the trial court's ruling, stated that:

> Here, there is neither allegation nor forecast of evidence that defendant knew plaintiff was subject to an emotional or mental disorder or other severe and disabling emotional or mental condition as a result of his negligence and its consequences. Absent such knowledge, such an outcome cannot be held to be reasonably foreseeable, and plaintiff has failed to establish a claim for NIED.

*Id.* at 667, 435 S.E.2d at 328.

In *Wrenn*, we held that *Gardner* is consistent with other opinions of our Supreme Court which addressed the tort of negligent infliction of emotional distress. We stated that "proof of knowledge by the defendant of the plaintiff's peculiar susceptibility to emotional distress is required *only* if the conduct of the defendant would not have caused injury to an ordinary person." *Wrenn* at 767, 464 S.E.2d at 93.

In *Butz v. Holder*, 113 N.C. App. 156, 159, 437 S.E.2d 672, 674 (1993), this Court followed the language and reasoning of the Supreme Court in *Gardner*. In *Butz*, the parents and brother of a bicyclist killed through the negligence of a motorist sued the motorist for negligent infliction of emotional distress. On rehearing, we upheld the trial court's ruling in favor of the motorist, because we found "neither allegation nor forecast of evidence that the defendant *knew*" of plaintiff's susceptibility to severe emotional distress. *Id.* at 159, 437 S.E.2d at 674 (citation omitted).

A further example of how our Supreme Court views the element of foreseeability in cases of negligent infliction of emotional distress is *Andersen v. Baccus*, 335 N.C. 526, 439 S.E.2d 136 (1994). In *Andersen*, the plaintiff arrived at the scene of an accident shortly after its occurrence and witnessed his pregnant wife's rescue from the wreckage of her automobile. The couple's baby was stillborn and plaintiff's wife later died from her injuries. Our Supreme Court

granted defendant's motion for summary judgment and held that plaintiff's emotional distress was not foreseeable. The Court stated:

> [N]othing suggests that [defendant] knew of plaintiff's existence. The forecast of evidence is undisputed that at the moment of impact [defendant] did not know who was in the car which her vehicle struck and had never met [plaintiff's wife]. Both *Gardner* and *Sorrells* teach that the family relationship between plaintiff and the injured party for whom plaintiff is concerned is insufficient, standing alone, to establish the element of foreseeability. In this case as in *Sorrells* the possibility that the decedent might have a parent or spouse who might live close enough to be brought to the scene of the accident and might be susceptible to suffering a severe emotional or mental disorder as the result of [defendant's] alleged negligent act is entirely too speculative to be reasonably foreseeable.

*Andersen* at 533, 439 S.E.2d at 140.

Similar to *Andersen*, the possibility in the case before us that decedent might have had a child following her in a separate vehicle, who might witness the collision and suffer severe emotional distress because of defendant's alleged negligence, could not have been reasonably foreseeable to defendant. Similar to *Gardner* and *Butz*, we find no "allegation nor forecast of evidence" in this case "that defendant knew plaintiff was subject to an emotional or mental disorder or other severe and disabling emotional or mental condition as a result of his negligence and its consequences." *Gardner* at 667, 435 S.E.2d at 328; *Butz* at 159, 437 S.E.2d at 674.

## II.

[2] Plaintiff next argues that she should have been given an opportunity to depose defendant about what he saw on the day of the collision, because he "may have known of the presence of [plaintiff] and/or her mother." We disagree. As previously stated, plaintiff's complaint contains no "allegation[s] nor forecast of evidence" that defendant had knowledge of plaintiff's relationship to the decedent, nor that defendant knew plaintiff was subject to suffering severe emotional distress as a result of defendant's conduct.

Because we agree with the trial court concerning the issue of foreseeability, we do not reach plaintiff's argument pertaining to "extreme and outrageous" conduct.

The order of the trial court granting defendant's motion to dismiss is affirmed.

Affirmed.

Judges MARTIN, John C. and MARTIN, Mark D., concur.