IN THE COURT OF APPEALS OF NORTH CAROLINA

 2022-NCCOA-202

 No. COA21-219

 Filed 5 April 2022

 Caldwell County, No. 20CVS489

 JULIANA CAULEY, Plaintiff,

 v.

 CHARLES BEAN, Defendant.

 Appeal by Plaintiff from order entered 4 January 2021 by Judge Robert C.

 Ervin in Caldwell County Superior Court. Heard in the Court of Appeals 1 December

 2021.

 Johnson & Groninger, PLLC, by Jennifer Iliana Segnere and Ann Groninger,
 for Plaintiff-Appellant.

 Caudle & Spears, P.A., by L. Cameron Caudle, Jr., and Christopher P. Raab,
 for Defendant-Appellee.

 COLLINS, Judge.

¶1 Plaintiff appeals the trial court’s order granting Defendant’s Rule 12(b)(6)

 motion to dismiss Plaintiff’s complaint for negligent infliction of emotional distress.

 Because we are bound by this Court’s precedent in Holleman v. Aiken, 193 N.C. App.

 484, 668 S.E.2d 579 (2008) and Horne v. Cumberland Cnty. Hosp. Sys., Inc., 228 N.C.

 App. 142, 746 S.E.2d 13 (2013) to conclude that Plaintiff’s complaint failed to

 sufficiently allege that she suffered severe emotional distress, we affirm the trial
 CAULEY V. BEAN

 2022-NCCOA-202

 Opinion of the Court

 court’s order.

 I. Facts

¶2 Plaintiff, Juliana Cauley; her father, Ignacio Giraldo; and two friends took a

 bicycle ride on Blowing Rock Highway on 10 October 2019. Plaintiff was in front,

 followed by her father, while the two friends rode some distance behind. Plaintiff and

 her father were riding generally north on Blowing Rock Highway. At the same time,

 Defendant was driving south in his minivan. Defendant was driving erratically as

 he approached the bicycle riders from the opposite direction. As Defendant came

 around a curve, he crossed the center lane and continued across the road to the

 opposite shoulder, before veering right, back onto the road. Plaintiff saw Defendant’s

 erratic driving as he approached and steered her bicycle to her right onto a nearby

 gravel pull out. When Defendant veered back to his right, he did not hit Plaintiff.

 Plaintiff’s father, however, had veered to his left. Defendant struck Plaintiff’s father.

 He was ejected from his bicycle and landed in the road. After the impact, Defendant

 fled the scene. Plaintiff witnessed the incident and injuries which resulted in her

 father’s death; she waited with her father for help to come.

¶3 Plaintiff filed a complaint against Defendant on 24 April 2020 alleging

 negligence, negligent infliction of emotional distress (“NIED”), and gross negligence,

 seeking punitive damages. Defendant filed a Rule 12(b)(6) motion to dismiss for

 failure to state a claim on which relief could be granted. Following a hearing, the
 CAULEY V. BEAN

 2022-NCCOA-202

 Opinion of the Court

 trial court dismissed each of Plaintiff’s claims by order entered 4 January 2021.

 Plaintiff appealed.

 II. Discussion

¶4 Plaintiff argues that the trial court erred by granting Defendant’s motion to

 dismiss her NIED claim, because her complaint adequately pled a legally viable claim

 against Defendant.1

¶5 The standard of review of a trial court’s order granting a Rule 12(b)(6) motion

 is whether the complaint states a claim on which relief can be granted when the

 complaint is liberally construed and all factual allegations in the plaintiff’s complaint

 are taken as true. Country Club of Johnston Cnty., Inc. v. U.S. Fidelity & Guar. Co.,

 150 N.C. App. 231, 238, 563 S.E.2d 269, 274 (2002). Dismissal is proper only “when

 one of the following three conditions is satisfied: (1) the complaint on its face reveals

 that no law supports the plaintiff’s claim; (2) the complaint on its face reveals the

 absence of facts sufficient to make a good claim; or (3) the complaint discloses some

 fact that necessarily defeats the plaintiff’s claim.” Wood v. Guilford Cnty., 355 N.C.

 161, 166, 558 S.E.2d 490, 494 (2002). We review de novo a trial court’s order on a

 motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). Cheryl Lloyd

 1 Plaintiff makes no argument concerning the trial court’s dismissal of her negligence,

 gross negligence, and punitive damages claims. The dismissal of those claims is not before
 this Court and any issue relating to those claims is deemed abandoned. N.C. R. App. P. 28(a).
 CAULEY V. BEAN

 2022-NCCOA-202

 Opinion of the Court

 Humphrey Land Inv. Co., v. Resco Prods., Inc., 377 N.C. 384, 2021-NCSC-56, ¶ 8. A

 complaint must contain “[a] short and plain statement of the claim sufficiently

 particular to give the court and the parties notice of the transactions, occurrences, or

 series of transactions or occurrences, intended to be proved showing that the pleader

 is entitled to relief[.]” N.C. Gen. Stat. § 1A-1, Rule 8(a)(1) (2020). Furthermore,

 “[e]ach averment of a pleading shall be simple, concise, and direct.” Id. § 1A-1, Rule

 8(e)(1). “Pleadings should be construed liberally and are sufficient if they give notice

 of the events and transactions and allow the adverse party to understand the nature

 of the claim and to prepare for trial.” Haynie v. Cobb, 207 N.C. App. 143, 148-49, 698

 S.E.2d 194, 198 (2010).

¶6 To state a claim for negligent infliction of emotional distress under North

 Carolina law, the plaintiff must allege that: “(1) the defendant negligently engaged

 in conduct, (2) it was reasonably foreseeable that such conduct would cause the

 plaintiff severe emotional distress, and (3) the conduct did in fact cause the plaintiff

 severe emotional distress.” Johnson v. Ruark Obstetrics, 327 N.C. 283, 304, 395

 S.E.2d 85, 97 (1990).

¶7 Here, the parties do not disagree that Plaintiff’s complaint sufficiently alleged

 that Defendant negligently engaged in conduct. We thus confine our discussion to

 whether Plaintiff’s complaint sufficiently alleged both that it was reasonably

 foreseeable that such negligence would cause Plaintiff severe emotional distress, and
 CAULEY V. BEAN

 2022-NCCOA-202

 Opinion of the Court

 that such negligence did in fact cause Plaintiff severe emotional distress.

 A. Reasonable Foreseeability

¶8 Plaintiff first argues that she sufficiently pled that it was reasonably

 foreseeable that Defendant’s negligence would cause Plaintiff severe emotional

 distress.

¶9 “Factors to be considered on the question of foreseeability in cases such as this

 include the plaintiff’s proximity to the negligent act, the relationship between the

 plaintiff and the other person for whose welfare the plaintiff is concerned, and

 whether the plaintiff personally observed the negligent act.” Id. at 305, 395 S.E.2d

 at 98. These factors are not exhaustive and no single factor is determinative in all

 cases. Riddle v. Buncombe Cnty. Bd. of Educ., 256 N.C. App. 72, 77, 805 S.E.2d 757,

 762 (2017); see also Ruark Obstetrics, 327 N.C. at 291, 395 S.E.2d at 89 (“[O]ur law

 includes no arbitrary requirements to be applied mechanically to claims for negligent

 infliction of emotional distress.”). Rather, “[q]uestions of foreseeability and proximate

 cause must be determined under all the facts presented, and should be resolved on a

 case-by-case basis by the trial court and, where appropriate, by a jury.” Ruark

 Obstetrics, 327 N.C. at 305, 395 S.E.2d at 98 (citations omitted); Newman v. Stepp,

 376 N.C. 300, 306, 852 S.E.2d 104, 109 (2020), reh’g denied, 376 N.C. 673, 852 S.E.2d

 629 (2021) (quoting Sorrells v. M.Y.B. Hosp. Ventures of Asheville, 334 N.C. 669, 672-

 73, 435 S.E.2d 320, 322 (1993)) (alteration omitted).
 CAULEY V. BEAN

 2022-NCCOA-202

 Opinion of the Court

¶ 10 In this case, Plaintiff alleged, in relevant part, the following:

 4. On October 10, 2019 at approximately 11:42 a.m.,
 Ignacio Giraldo was riding his bicycle in a general
 northernly direction on US 221, also known as Blowing
 Rock Highway, in Blowing Rock, North Carolina. This
 section of Blowing Rock Highway is a winding two-lane
 road with one lane of travel in each direction.

 ....

 6. Riding with Giraldo that day were his daughter
 [Plaintiff] Juliana Cauley and two other bicycle riders. As
 the group rode along Blowing Rock Highway, [Plaintiff]
 was in front followed by Giraldo. The other two riders were
 some distance behind the first two.

 ....

 8. At the same time that Giraldo and [P]laintiff were riding
 generally North on Blowing Rock Highway, [D]efendant
 was driving South in a 2009 Toyota minivan . . . .

 9. Defendant was driving erratically in his Toyota minivan
 when he approached the bicycle riders from the opposite
 direction. As [D]efendant came around a curve, he crossed
 over the center line and went off the road on the opposite
 side, then veered back onto the road.

 10. [Plaintiff] saw [D]efendant’s erratic driving as
 [D]efendant approached and had steered her bicycle to the
 right toward a small gravel pull out in an attempt to steer
 clear of the [D]efendant. Thus, when [D]efendant veered
 back to his right, he missed [Plaintiff]. Their actions were
 simultaneous, and it was simply luck that [Plaintiff] was
 not struck.

 11. Ignacio Giraldo had veered left, opposite to where
 [D]efendant appeared to be heading. When [D]efendant
 veered back to the right, [D]efendant struck Ignacio
 CAULEY V. BEAN

 2022-NCCOA-202

 Opinion of the Court

 Giraldo head on.

 12. The impact ejected Ignacio Giraldo from his bicycle,
 causing him to land in the roadway. Defendant fled the
 scene.

 13. Plaintiff witnessed the incident and injuries which
 resulted in her father’s death; she waited with her father
 as he lay, dying and waiting for help to come.

 14. Defendant’s negligence and gross negligence was the
 sole cause of the collision and the death of Ignacio Giraldo.

 ....

 18. Defendant’s negligent and reckless behavior caused the
 violent death of Ignacio Giraldo and caused [Plaintiff] to
 suffer severe emotional distress.

 ....

 22. Defendant knew, or in the exercise of reasonable care
 should have known that the operation of a motor vehicle in
 a reckless manner or at excessive speeds could cause severe
 injuries and even death to other users of the highways.
 Defendant further knew, or in the exercise of reasonable
 care should have known, that inflicting death or serious
 injury to others on the roadways was likely to cause severe
 emotional distress to family members of those so injured.

 ....

 24. Plaintiff was only a few feet away from her father when
 [Defendant] struck [P]laintiff’s father head on and killed
 him.

¶ 11 Weighing in favor of foreseeability is the allegation that the direct victim and

 person for whose welfare Plaintiff was concerned was Plaintiff’s father. Ruark

 Obstetrics, 327 N.C. at 305-06, 395 S.E.2d at 98; see, e.g., Wrenn v. Byrd, 120 N.C.
 CAULEY V. BEAN

 2022-NCCOA-202

 Opinion of the Court

 App. 761, 464 S.E.2d 89 (1995) (wife-husband); Fox-Kirk v. Hannon, 142 N.C. App.

 267, 542 S.E.2d 346 (2001) (mother-child); Newman, 376 N.C. 300, 852 S.E.2d 104

 (parents-child). Also weighing in favor of foreseeability are Plaintiff’s allegations of

 close proximity to Defendant’s negligent act and that she personally observed the

 negligent act. Ruark Obstetrics, 327 N.C. at 305-06, 395 S.E.2d at 98; Riddle, 256

 N.C. App. at 77, 805 S.E.2d at 762 (“That plaintiff ‘was physically present in the

 immediate[] vicinity of, and contemporaneously observed’ [the direct victim’s] injuries

 favors foreseeability.”); see, e.g., Wrenn, 120 N.C. App. at 766, 464 S.E.2d at 93

 (plaintiff in same room as direct victim and “personally observed” negligent act); Fox-

 Kirk, 142 N.C. App. at 275, 542 S.E.2d at 352 (plaintiff in same car as direct victim);

 cf. Andersen v. Baccus, 335 N.C. 526, 532-33, 439 S.E.2d 136, 140 (1994) (emotional

 distress not reasonably foreseeable where plaintiff arrived at scene after accident

 occurred); Sorrells, 334 N.C. at 674, 435 S.E.2d at 323 (emotional distress not

 reasonably foreseeable where plaintiffs were not at scene of and did not witness

 accident). Further weighing in favor of foreseeability are Plaintiff’s allegations that

 Defendant “struck Ignacio Giraldo head on, . . . . [and] the impact ejected Ignacio

 Giraldo from his bicycle, causing him to land in the roadway.” After hitting her

 father, “Defendant fled the scene.”

¶ 12 Considering the totality of the facts and circumstances alleged, we conclude

 Plaintiff’s allegations are sufficient to establish the reasonable foreseeability of her
 CAULEY V. BEAN

 2022-NCCOA-202

 Opinion of the Court

 severe emotional distress. See Newman, 376 N.C. at 313, 852 S.E.2d at 113 (“[W]e

 reiterate . . . [that] the question of reasonable foreseeability must be determined

 under all of the facts presented and should be resolved on a case-by-case basis instead

 of mechanistic requirement[s] associated with the presence or absence of the [Ruark]

 factors.”).

¶ 13 Citing Fields v. Dery, 131 N.C. App. 525, 509 S.E.2d 790 (1998), Defendant

 argues that because Plaintiff did not allege that Defendant had actual knowledge of

 Plaintiff’s relationship to her father when Defendant hit her father, Plaintiff’s

 allegations regarding reasonable foreseeability are insufficient to support her claim

 for negligent infliction of emotional distress. Defendant’s argument is misplaced.

¶ 14 In Fields, plaintiff alleged, in part, that she was following her mother, driving

 her own vehicle several car lengths behind her mother’s vehicle. Defendant drove his

 truck through a stop sign and hit plaintiff’s mother’s car. Her mother’s car rolled

 approximately three times before stopping and her mother was thrown from her

 vehicle and killed. Plaintiff witnessed the collision and was the first person to come

 to her mother’s assistance. Id. at 526, 509 S.E.2d at 790.

¶ 15 Although the Court noted that the “plaintiff did not allege that defendant had

 any knowledge of plaintiff’s relationship to the decedent[,]” the Court specified that

 “cases of negligent infliction of emotional distress must be determined on a case-by-

 case basis, considering all of the relevant facts.” Id. at 527, 509 S.E.2d at 791
 CAULEY V. BEAN

 2022-NCCOA-202

 Opinion of the Court

 (citations omitted). Ultimately, the Court concluded that “the possibility in the case

 before us that decedent might have had a child following her in a separate vehicle,

 who might witness the collision and suffer severe emotional distress because of

 defendant’s alleged negligence, could not have been reasonably foreseeable to

 defendant.” Id. at 529, 509 S.E.2d at 792.

¶ 16 Unlike in Fields, where plaintiff alleged she was driving her own car several

 car lengths behind her mother’s car, Plaintiff in this case alleged that she and her

 father were riding bicycles together on the highway; Defendant came around a curve,

 crossed over the center line, veered back onto the road, and struck Plaintiff’s father

 “head on”; “Plaintiff was only a few feet away from her father” when Defendant struck

 her father; the impact ejected Plaintiff’s father from his bicycle and he landed on the

 road; Plaintiff witnessed the incident and injuries which resulted in her father’s

 death; and Defendant fled the scene. Considering all the relevant facts, including

 allegations of facts that implicate the Ruark factors, as well as the unique facts of

 this case, we conclude that Plaintiff alleged sufficient facts for a jury to conclude that

 her emotional distress was a reasonably foreseeable consequence of Defendant’s

 negligence.

 B. Severe Emotional Distress

¶ 17 Plaintiff next argues that she sufficiently pled that Defendant’s negligence

 caused her severe emotional distress.
 CAULEY V. BEAN

 2022-NCCOA-202

 Opinion of the Court

¶ 18 “An allegation of severe emotional distress is sufficient to overcome dismissal

 under Rule 12(b)(6) so long as it provides the defendant with ‘notice of the nature and

 basis of plaintiff[’s] claim so as to enable him to answer and prepare for trial.’”

 Demarco v. Charlotte-Mecklenburg Hosp. Auth., 268 N.C. App. 334, 343, 836 S.E.2d

 322, 328 (2019) (quoting Acosta v. Byrum, 180 N.C. App. 562, 570, 638 S.E.2d 246,

 252 (2006)). Severe emotional distress has been defined as “any emotional or mental

 disorder, such as, for example, neurosis, psychosis, chronic depression, phobia, or any

 other type of severe and disabling emotional or mental condition which may be

 generally recognized and diagnosed by professionals trained to do so.” Ruark

 Obstetrics, 327 N.C. at 304, 395 S.E.2d at 97.

¶ 19 Our Supreme Court has not required a plaintiff to plead severe emotional

 distress with great detail. In McAllister v. Ha, 347 N.C. 638, 496 S.E.2d 577 (1998),

 Plaintiffs alleged that defendant-physician had negligently failed to inform them of

 the possibility that their future child could suffer from sickle-cell disease. Plaintiffs

 gave birth to a child carrying the disease. Id. at 640, 496 S.E.2d at 580. In support

 of their NIED cause of action, plaintiff-wife alleged that she had been unable to sleep

 due to concerns about the child’s health. Plaintiffs’ complaint also alleged “that

 defendant’s negligence caused them ‘extreme mental and emotional distress, and

 financial loss.’” Id. at 641, 496 S.E.2d at 580. The Court concluded that plaintiffs’

 allegations, “while sparse, are sufficient to state a claim for negligent infliction of
 CAULEY V. BEAN

 2022-NCCOA-202

 Opinion of the Court

 emotional distress.” Id. at 646, 496 S.E.2d at 583.

¶ 20 Likewise, prior to 2008, opinions from this Court did not require a plaintiff to

 plead severe emotional distress with great detail. For example, in Chapman ex. rel.

 Chapman v. Byrd, 124 N.C. App. 13, 475 S.E.2d 734 (1996), plaintiffs alleged that

 they “suffered severe emotional distress, mental anguish, and ridicule as a proximate

 result of” defendant’s negligence. Id. at 22, 475 S.E.2d at 740. Although these

 allegations were “somewhat conclusory,” id. at 20, 475 S.E.2d at 739, they were

 “sufficient to satisfy the pleading requirements set forth in [Ruark Obstetrics] and . . .

 the trial court therefore erred by dismissing plaintiffs’ NIED claims.” Id. at 22, 475

 S.E.2d at 740. Similarly, in Dixon v. Stuart, 85 N.C. App. 338, 354 S.E.2d 757 (1987),

 plaintiff’s allegations that defendant’s acts “were intended to cause and did in fact

 cause plaintiff to suffer extreme emotional distress” were “sufficient to apprise the

 defendant of what the claim is and what events produced it.” Id. at 340, 354 S.E.2d

 at 759 (discussing severe emotional distress in the context of an IIED claim); see also

 Acosta, 180 N.C. App. at 570, 638 S.E.2d at 252 (“[P]laintiff here claimed that

 defendant’s negligence caused severe emotional distress, humiliation, and mental

 anguish. This allegation alone, when combined with her other factual claims, placed

 defendant on notice of the nature and basis of plaintiff’s claim.” (quotation marks and

 citation omitted)).

¶ 21 More recently, however, this Court has required a complaint for NIED to
 CAULEY V. BEAN

 2022-NCCOA-202

 Opinion of the Court

 contain some factual allegations to support an allegation of severe emotional distress.

 In Holleman v. Aiken, this Court affirmed the dismissal of plaintiff’s NIED claims

 where the complaint did “not make any specific factual allegations as to [plaintiff’s]

 ‘severe emotional distress.’” 193 N.C. App. at 502, 668 S.E.2d at 591. In Horne v.

 Cumberland Cnty. Hosp. Sys., Inc., plaintiff alleged that she suffered severe

 emotional distress “without any factual allegations, regarding the type, manner, or

 degree of severe emotional distress she claims to have experienced.” 228 N.C. App.

 at 149, 746 S.E.2d at 20. Following Holleman, this Court held in Horne that without

 such factual allegations describing the emotional distress, “plaintiff’s complaint fails

 to state a valid claim for NIED.” Id.

¶ 22 We are bound by Holleman and Horne and conclude that Plaintiff’s allegations

 in this case are insufficient. See In re Civil Penalty, 324 N.C. 373, 384, 379 S.E.2d

 30, 37 (1989) (“Where a panel of the Court of Appeals has decided the same issue,

 albeit in a different case, a subsequent panel of the same court is bound by that

 precedent, unless it has been overturned by a higher court.”). The only allegations in

 Plaintiff’s complaint regarding her emotional distress are that Defendant’s actions

 “proximately caused the negligent infliction of emotional distress of [P]laintiff” and

 that “[P]laintiff suffered severe emotional distress.” These allegations arguably

 suffice under McAllister, Chapman, Dixon, and Acosta. Moreover, Defendant did not

 argue at the hearing on his motion to dismiss that he did not have notice of the nature
 CAULEY V. BEAN

 2022-NCCOA-202

 Opinion of the Court

 and basis of Plaintiff’s claim of severe emotional distress, raising this argument for

 the first time on appeal. Nonetheless, under Holleman and Horne, “without any

 factual allegations regarding the type, manner, or degree of severe emotional distress

 she claims to have experienced[,]” we are constrained to hold that Plaintiff’s

 complaint “fails to state a valid claim for NIED.” Horne, 228 N.C. App. at 149, 746

 S.E.2d at 20.

 III. Conclusion

¶ 23 We conclude that Plaintiff’s allegations are sufficient to allege that it was

 reasonably foreseeable that Defendant’s negligence would cause Plaintiff severe

 emotional distress. However, as Plaintiff’s complaint is devoid of factual allegations

 regarding the type, manner, or degree of severe emotional distress she claims to have

 experienced, Plaintiff has not sufficiently pled that Defendant’s negligence caused

 her severe emotional distress. Accordingly, we affirm the trial court’s dismissal of

 Plaintiff’s NIED claim.

 AFFIRMED.

 Judges DILLON and ZACHARY concur.